## Elijah Ray v. Hugh R. Young.

Where the plaintiff and defendant's intestate agreed verbally that the plaintiff should keep the stock of cattle of the intestate for the term of five years, in consideration whereof he should receive one-fourth of the increase, and to that end that the plaintiff should prepare a family residence and suitable pens at a place agreed upon between the parties, as soon as convenient, and when thus prepared, about the 1st of September, 1852, plaintiff should have the entire control of said stock and the said term of five years should commence ; defendant's intestate having died before the 1st of September, when the preparation was nearly complete, it was held that the plaintiff was entitled to recover of his estate for the labor performed by him under the contract, before the death of the intestate.

Error from Goliad. This suit was brought to recover compensation for damages incurred by the plaintiff, in work and labor done and performed by him in the execution of a verbal contract with the defendant's intestate. The contract is alleged to have been made about the 1st of June, 1852 ; that it was agreed between defendant's intestate and plaintiff, that plaintiff should keep the stock of cattle of the said intestate, for the term of five years, for one-fourth of the increase, to be appropriated and branded as plaintiff's share at suitable times for branding, generally from season to season ; that plaintiff should prepare a family residence and suitable pens near the Escondido, at a place agreed upon between the parties, as soon as convenient ; and when thus prepared, about the 1st of Sep-

tember, 1852, plaintiff should have the entire control of said stock, and the said term of five years should commence; that the plaintiff commenced the work of preparation and had nearly completed it, when the defendant's intestate died; and that the work was completed before the 1st day of September, 1852. Plaintiff alleged the breach of this verbal contract, and its abandonment; and brought this suit to recover damages, by way of compensation, for the injury he had sustained in work and labor in preparing to keep the stock of the defendant's intestate; the presentation of the claim to the administrator, and its rejection were averred. To this petition the defendant demurred; and the Court below sustained the demurrer, from which an appeal was taken.

*Pryor Lee*, for plaintiff in error.

*W. Alexander*, for defendant in error. The executory verbal contract sued on, as it was "not to be performed within the space of one year," was not actionable under the statute of frauds. (Hart. Dig. Art. 1451.)

This futile executory contract was defeated, not by the act of defendant's intestate, but by his decease, which was the act of God. Upon his decease, the statute law concerning the estates of deceased persons, required his administrator to disaffirm the contract. Such being the case, the demurrer to Ray's petition was properly sustained and his suit dismissed.

Preparatory and ancillary acts, such as Ray alleges he has done, are not acts of part performance. (Roberts on Frauds, Book 1, Ch. 3, p. 139.)

If the subject matter of the contract were real estate and not personal property, and the acts done had been acts of part performance instead of merely preparatory and ancillary acts, the Courts of Texas are bound to carry out and enforce the statute of frauds, and following the decisions of the Court of Appeals of Kentucky would decree a specific performance. (See the analogy afforded by DeCordova v. Smith, 9 Tex. R. 129.)

It is clear that the administrator in any event could not have obtained a specific performance.

LIPSCOMB, J. There can be no doubt but the Court sustained the demurrer on the ground that, as the contract was not to be completed before the end of five years, and it not being in writing, it was void under the statute of frauds providing that no action shall be brought "upon any agreement which "is not to be performed within the space of one year from "the making thereof, unless the promise or agreement upon "which such action shall be brought, or some memorandum "thereof, shall be in writing, signed by the party to be charged "therewith." (Hart. Dig. Art. 1451.) If the suit had been founded upon the verbal contract set out in the petition, and for its specific performance, or damages, for its breach, there can be no doubt but the demurrer would have been well taken, and correctly sustained by the Court. But the suit is not so brought. This contract is only set out by way of inducement, and not as the foundation of the action. It is contended that, induced by the contract, the petitioner had been at the expense of building a residence and erecting pens, preparatory to taking charge of the stock of the intestate; that for such labor induced by the contract, the defendant's testator would have been liable whilst living, unless he had given notice that he would not comply with the contract; and his estate is now liable. It would be iniquitous to rule that the plaintiff had no redress for injury and loss, that the defendant's intestate had induced him to incur. If the provision of the statute of frauds cited, is to have this effect instead of its preventing fraud, it will be making it the instrument and means of perpetrating fraud.

We believe that the plaintiff is entitled to compensation for his labor so bestowed before the death of the defendant's testator, and not after.

The cases cited by the counsel for the appellee, are all of them cases in which a part performance was sought to be made

the grounds of enforcing the contract, and they have no bearing upon this case, where the contract is not set up as the foundation of the suit. The judgment is reversed, and the cause remanded to the Court below.

Reversed and remanded.