### SARAH T. CLAPP v. ROBERT ENGLEDOW ET AL.

#### No. 2613.

1. **Admissions—Inventory.**—While the executor and administrator in his individual capacity is a stranger to the estate (16 Texas, 168), still the inventory is evidence against a claim subsequently asserted by such administrator adverse to the estate, and imposes the burden of producing a greater amount of testimony to establish such adverse right.

2. **Declarations and Acts of Husband.**—The wife is not bound by the declarations or acts of her husband adverse to her claim for land. The husband can not do indirectly and by estoppel what he could not do directly.

3. **Estoppel.**—The wife's interest in her separate property would not be destroyed or lost by her placing it upon an inventory of an estate of which she was administratrix.

4. **Impeaching Witnesses—Practice.**—In examining witnesses produced to attack the general character of an adverse witness the better practice is to allow cross-examination upon the capacity of such witness to speak to the character. And where this is not done, and upon cross-examination the witness disqualifies himself, his testimony should be withdrawn or excluded.

5. **Practice in Supreme Court.**—The court will reverse where the record shows that the trial judge acted upon incompetent testimony where the judgment is against the great preponderance in the evidence.

APPEAL from Van Zandt. Tried below before Hon. Felix J. McCord.

This is an action to supply a lost deed alleged to have been executed by one Amanda Johnson a short time before her death. Her heirs were made defendants. There is no question upon the pleadings and they are sufficiently given in the opinion.

The findings of fact by the court are as follows:

"Sarah F. Clapp brings this suit against the defendants as heirs at law of Mrs. Johnson, who died about March 13, 1873, in Nacogdoches County, Texas. This suit is brought to establish a deed which plaintiff alleges was executed and delivered by Mrs. Johnson to Mrs. Barrett, wife of L. T. Barrett, which was lost and had never been recorded or acknowledged for record. This deed is alleged to have been executed between the third day of January, 1873, and the thirteenth of March thereafter, and to perpetuate the testimony thereunder. The defendants deny the execution of any such deed.

"Waiving considerations of questions of law raised by defendants as understood by the court, the only question that should be passed upon is one of fact.

"The proof is that Mrs. Johnson, on the third day of January, 1873, made a deed to Mrs. Barrett and her children of all her property both real and personal situated in Nacogdoches County, the consideration being love and affection. Mrs. Johnson died on March 13, 1873, and this deed was acknowledged and placed upon record in April, 1873, a short while after Mrs. Johnson's death. L. T. Barrett, husband of Mrs.

Barrett, swears that Mrs. Johnson being dissatisfied with the terms of said deed ordered another conveying all her property both real and personal in Texas to be made to Mrs. Barrett, in consideration of love and affection. This deed he says he drafted and gave to the witness Hamlet; that the deed was made by Mrs. Johnson. He don't know the names of the subscribing witnesses, only he thinks Hamlet was one of them. This deed was never acknowledged or placed upon record. He has made diligent search for the deed and can't find it. Hamlet says such a deed was drawn up and that he witnessed it, but does not say that Mrs. Johnson signed it. He don't know who the other subscribing witness was.

"After Mrs. Johnson's death Barrett and wife were appointed administrators of her estate in Nacogdoches County, and returned an inventory under oath of the real estate in Van Zandt and Hopkins counties as belonging to Mrs. Johnson's estate, and in his conversations and dealings with the other heirs of Mrs. Johnson recognized the interest of the other heirs in her (Mrs. Johnson's) estate. Not till 1882, when a motion was made in Nacogdoches County against Barrett and wife by some of the heirs for a partition of said estate, when for the first time Barrett and wife claim under this lost deed. The proof further shows Barrett to be a man who trades extensively, and a good business man as well as a man of more than ordinary intelligence.

"Now, one fact clearly established is that Barrett and wife's conduct with reference to this property purported to be conveyed by said deed was wholly inconsistent with the idea that in point of fact a deed was ever made. It is passing strange that said Barrett, whom the proof shows to be of good business sense, would be so careless and indifferent about a deed that conveyed the whole property when he was very careful about a deed that only conveyed a part. This is noticeable when the fact is that this lost deed was made but a few days after making of the limited deed, yet the limited deed was acknowledged, preserved, and placed upon record a short while after Mrs. Johnson's death. How could a man be so watchful over small things and so careless over greater? He does not know who signed it as subscribing witnesses, yet in the limited deed a notary is brought and her acknowledgment taken.

"The tenure of land titles must have a solid basis, and the policy of the law would not permit titles to land to be based upon such uncertain testimony. The court therefore concludes that the proof does not establish with that legal certainty the lost deed as would authorize the court to say a deed was in fact made.

"Judgment for defendants and all costs.

"FELIX J. McCORD,<br>"Judge Presiding."

The land in controversy is 488 acres in Van Zandt County. Plaintiff

exhibited title from Mrs. Barrett, joined by her husband, to their son Ralph Barrett, and by him to the plaintiff. Other facts are sufficiently set out in the opinion.

*Frank B. Sexton*, for appellant, cited White v. Shepperd, 16 Texas, 167; Marks v. Heidenheimer, 63 Texas, 306; Johnson v. Brown, 51 Texas, 77; Ayers v. Dupre, 27 Texas, 599; Wagoner v. Ruply, 69 Texas, 700; Railway Co. v. Scott, 68 Texas, 696.

*Kilgore, Lively & Kilgore*, for appellees.

WALKER, ASSOCIATE JUSTICE. — The purpose of this suit was to establish the existence and contents of a lost deed, alleged to have been executed by Amanda Johnson to Angelina M. Barrett in the latter part of the year 1872 or early in 1873. The appellant, who was the plaintiff, claimed under mesne conveyances from Mrs. Angelina Barrett and her husband to their son Ralph Barrett, and from him to the plaintiff. The defendants are the heirs at law of Amanda Johnson. The petition also alleged that by the loss of said deed a cloud was cast upon her title; that defendants are setting up claim to the land; prayer that a decree be rendered supplying said deed, perpetuating the testimony to its contents, quieting her title against the defendants in said land, and vesting title thereto in her, etc.

The defendants pleaded general denial, stale demand, and certain acts of L. T. Barrett and his wife, the alleged grantee, in the alleged lost deed.

The ruling upon the pleadings are not material, as the main fact in issue was the execution of the deed as alleged in the petition.

On the trial the plaintiff proved by the said L. T. Barrett, husband of Angelina Barrett, that the deed had been made as alleged and that it had been lost. A witness, Hamlet, testified to having read over the deed to the grantor when she requested him to sign it as a witness, and that he did sign it as witness. The deed gave to Mrs. Barrett all the grantor's property real and personal. He also speaks of her executing the deed. The testimony of this witness is somewhat obscure, which may be attributable to its being given by depositions. Simpson, a witness, testified to seeing such a deed a short time after the death of the grantor; witness read it; thinks he would know the signature of the grantor, but would not swear to it.

The defendants over objections read in evidence from the records of the Probate Court of Nacogdoches County the inventory of the estate of Mrs. Amanda Johnson, filed and sworn to by said L. T. Barrett and his wife Angelina, in which was included as property of the estate the identical tract of land the subject of this contention and two other tracts of land in the State. To which plaintiff objected, for the reasons:

1. That it tends to prove no issue in this case, the issue being the existence, loss, and contents, not the effect, of a deed from Amanda Johnson to Angelina M. Barrett.

2. That if offered to prove admissions by Barrett as tending to show no claim of title by him, it is inadmissible because the lost deed which plaintiff is endeavoring to establish is charged to have been made to and carries title (by gift) to Mrs. Barrett, and admissions of the husband can not be used to impair the wife's title.

3. If offered to contradict Barrett's depositions, and thereby affect his credit, it is inadmissible because Barrett was not (on cross-examination) asked about or allowed an opportunity to explain said statements.

The objections were overruled.

Two of the defendants, brothers of the grantor, testified to conversations with L. T. Barrett about the estate of their sister, in which their right to share as heirs in property outside of Nacogdoches County was recognized. It was shown that a short time before the alleged execution of the lost deed the deceased Mrs. Johnson had by deed of gift conveyed all her property real and personal in Nacogdoches County to Mrs. Barrett, who was a neice of the deceased and had been raised by her.

The brothers of deceased also testified that the character of L. T. Barrett for veracity was bad. On direct examination they qualified as to their knowledge of Barrett's character for truth, and after testifying that it was bad, on cross-examination each was shown to know nothing on the subject. In the bill of exceptions to the admission of this testimony the judge adds that while the witnesses qualified as to their capacity before testifying, yet its effect was destroyed by the cross-examination.

The assignments of error may be considered as attacking the rulings of the court in admitting the testimony objected to, and in finding for the defendants against the great preponderance of the testimony.

The record of the administration of Mrs. Johnson by Barrett and wife was competent as declarations against interest by the party in possession as a circumstance following and attending the transaction. That this tract of land and other tracts were upon the inventory was not conclusive against the claim of Mrs. Barrett. "The executor or administrator in his individual capacity is a stranger to the estate." 16 Texas, 168. But naturally, from the insertion of the land upon the inventory, in absence of any explanation a greater amount of testimony would be required to establish the adverse claim of the administrator. The inventory would be testimony. But as an admission of the husband, either by words or conduct, it could have no effect against the wife's separate estate if she had any. Whether she had any depended upon the existence of the deed. The issue was as to its existence, not as to what claim was or was not made while the administration was pending. Nor was the testimony

competent to impeach Barrett, he not having been examined on the subject.

It appears that much importance was attached to this testimony. The case is made to turn upon the presumption that Barrett being a good business man would not have neglected his wife's interest, if she had any, in the manner developed in the testimony.

The inventory was but a fact to be considered with the other testimony. The plaintiff did not deraign title through L. T. Barrett. He only joined with his wife in his conveyance. Nor would the wife be further affected by the testimony to her own participation in the administration. If the deed from the deceased to her existed the land was her separate property, and her estate in it could only be defeated or conveyed by her deed with privy acknowledgment as provided in the statutes.

The bill of exception to the admission of this testimony does not show for what purpose it was admitted, but that the objections were overruled. It clearly appears that while admissible it was given a controlling weight to which it was not entitled.

The impeaching testimony given by the witnesses Engledow and Engledow should have been excluded. The cross-examination developed the fact that they knew nothing of the reputation for truth and veracity of the witness in the neighborhood in which he lived.

It would seem the better practice to allow cross-examinations upon the capacity of impeaching witnesses before allowing them to testify to such character. 51 Texas, 77, Brown v. Johnson.

It is not common to reverse on account of the admission of improper testimony when the case is tried without a jury. In this case the finding by the judge against the plaintiff was clearly against the preponderance in the testimony, and, as before stated, it is evident from the findings of the judge that great weight was given to the declarations and acts of the husband, both as admissions and as affecting his credibility as a witness. It is evident that the judgment was induced or based upon this testimony.

This court is asked to reverse and render. It is manifest, upon an examination of the statement of facts, that the facts of the transaction were not fully developed. As before stated, the witness Hamlet leaves in doubt and a matter of controversy between the counsel whether he testified to the signing or execution of the deed by the grantor. The court below finds that Hamlet did not testify to its execution. This finding is inferential rather than upon the meaning of the words used by the witness. The testimony having been by depositions the same importance is not given to the action of the trial judge as if the witness had been examined in open court. His testimony would be more satisfactory if it had been more distinct in details of what must be within his knowledge if what he has testified to is true.

It is deemed best to reverse and remand the case. The issue is upon

the alleged fact of the execution of the deed. No acts or admissions of the husband could affect the deed or preclude proof of its existence. Nor would the acts of the wife, so far as shown in the record, estop or conclude the plaintiff from proving the deed if it ever existed. The suit in its effect is clearly like an action to try title to the land, for a judgment establishing the deed would conclude the defendants as heirs at law of the grantor, Mrs. Amanda Johnson.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Opinion December 11, 1888.