**SESSUMS et al. v. CITIZENS' NAT. BANK.**
**No. 1162.**

Court of Civil Appeals of Texas. Eastland.

May 4, 1934.

Rehearing Denied June 1, 1934.

R. L. Thompson, of Stephenville, for appellants.

Chandler & Chandler and J. B. Keith, all of Stephenville, for appellee.

FUNDERBURK, Justice.

Citizens' National Bank of Dublin brought this suit against the Mid-Texas Drilling & Producing Company, a joint-stock association, W. T. Cox, J. R. Sessums, R. L. Pipes, F. D. Spratt, A. B. Richards, and others (not necessary to mention) to recover upon a note for the principal sum of $3,840, less certain credits. The note was dated October 5, 1922, due December 11, 1922, payable to plaintiff, and was signed by "Mid-Texas Drilling & Producing Company, by W. T. Cox, President." The Mid-Texas Drilling & Producing Company was unincorporated, and had undertaken to operate under a declaration of trust, purporting to exempt its directors, trustees, and shareholders from personal liability for the debts of the company. The named individual defendants were officers and directors of the company, as well as shareholders. They were sought to be held liable in all capacities, and particularly as shareholders and members were they claimed to be liable as partners.

The defendants' pleadings were lengthy. We think it a fair statement of the theory of the defense to say that they contended, first, that the individual defendants were not liable because the bank, through its officers, agents, and employees, had knowledge of a provision in the declaration of trust declaring that the directors, trustees, and shareholders were not personally liable for the debts of the company, and because the loan for which the notes were given, of which the note sued on was a final renewal, was made without belief on the part of the bank that the individuals were liable and without intention to claim such liability; second, that, at a time

when property which had been mortgaged to secure the debt in question was amply sufficient in value to enable payment to be made out of same, the defendants, and especially the defendant Sessums, urged the bank to foreclose its mortgage, which the bank failed and refused to do, and in so failing and refusing was guilty of negligence, precluding the right of the bank to recover against said individual defendants.

The case was submitted to a jury upon a single special issue, as follows: "Do you find from a preponderance of the evidence in this case that at the time the indebtedness sued for herein arose it was agreed between W. Skinner, representing the plaintiff bank, and Mid-Texas Drilling & Producing Company that said bank would look only to the assets of said Mid-Texas Drilling & Producing Company for payment of said indebtedness?" The answer of the jury to this issue was "No." From the judgment for the plaintiff against the named defendants jointly and severally, the latter have appealed.

■ The court, over proper objection, excluded testimony offered by the defendants which, if admitted, would have shown that the president and chairman of the board of directors of the bank knew when Mid-Texas Drilling & Producing Company was organized, in 1919, that the declaration of trust contained a provision that the directors, trustees, and shareholders were not personally liable for any debts of the company. Complaint of this action is presented under the first assignment of error. We think the action of the court was correct. It is justifiable upon two distinct grounds. In the first place, defendants' pleading is not susceptible of the construction that it alleges a contract between the plaintiff and the defendants, by which the latter were not to be personally liable for the payment of the note. It is immaterial, in the absence of such contract provision, that the bank may have known that the members of the company had undertaken to exempt themselves from personal liability. The law provided that they were liable. Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554. The bank was free to assert such liability, unless it had bound itself by a contract not to do so, or was, by reason of exceptional circumstances, estopped from doing so. There was no sufficient pleading of a contract or an estoppel which would have such effect.

■■ In the next place, there was absent any evidence to show that, if the former president of the bank did know of the provision of the declaration of trust, which purported to provide exemption from personal liability, and had, as contended, counseled and advised that such provision be included in the declaration of trust, such knowledge was imputable to the bank. There was no evidence to show that such knowledge was acquired while the president was transacting any business for the bank. The applicable rule of law is: "A principal, whether a corporation or natural person, is not affected by notice which comes to the agent or officer, unless such knowledge was acquired while in the transaction of the business of his principal." Teagarden v. R. B. Godley Lumber Co., 105 Tex. 616, 154 S. W. 973, 975; Texas Loan Agency v. Taylor, 88 Tex. 47, 29 S. W. 1057; Kauffman v. Robey, 60 Tex. 308, 48 Am. Rep. 264; Weathersby v. Texas & Ohio Lumber Co., 107 Tex. 474, 180 S. W. 735, 7 A. L. R. 1440; Cooper v. Ford, 29 Tex. Civ. App. 253, 69 S. W. 487. In Victor Refining Co. v. City Nat. Bank, 115 Tex. 71, 274 S. W. 561, the contention was made, as here, that there was error in the action of the court in refusing to allow the defendants to prove notice to the plaintiff of a clause in the declaration of trust providing for exemption from personal liability. This contention was overruled by the Supreme Court, and that opinion is full warrant for our overruling it here.

■ Appellants objected to the one issue submitted on the ground, among others, that the submission did not include an inquiry as to whether such agreement may have been implied. An issue was requested designed to remedy the defect complained of, which inquired whether it was understood and agreed, either expressly or impliedly, that the bank would look only to the assets of the company for payment. The two contentions presented with reference to the action of the court in submitting the issue that was submitted instead of the issue requested are fully answered by what has already been said to the effect that there was no pleading raising such issue. The defendants did not plead an agreement, either express or implied, in the sense of a contractual promise on the part of the bank, to the effect that the defendant would not be liable for payment of the note.

■■ We are also of the opinion that the court did not err in refusing defendants' requested special issue No. 6. Although entitled "special issue No. 6," there were included in the one instrument six separate issues, denominated "A," "B," "C," "D," "E," and "F." If it were conceded that some of these should have been given, it is clear that all of them

should not have been given. R. S. 1925, art. 2189, provides that special issues shall be submitted "distinctly and separately." By judicial construction, article 2188 has been held applicable to requested special issues. It provides how a refusal to submit an issue shall be indorsed, which is to constitute a bill of exceptions. Manifestly, if a number of special issues are embodied in one request, some of which should be given and some not, the proper indorsement cannot be made. Special issue No. C called for a finding upon a matter which, if material, was uncontroverted, and therefore not proper to be given. The court did not err, we think, in refusing the request. Speer's Law of Special Issues, § 253.

We are also of the opinion that the court did not err in refusing the request to give special issue No. 7. If the question upon which it sought a finding was not wholly immaterial, it was, at any rate, a mere evidentiary fact, and not a determinative issue. Speer's Law of Special Issues, §§ 105, 106.

Upon the whole, it is our conclusion that no reversible error is shown, and that the judgment of the court below should be affirmed, which is so ordered.

HICKMAN, C. J., disqualified and not sitting.