## LUCILLE JORDON V. MORTEN INVESTMENT COMPANY.

No. 6508. Decided February 5, 1936.
Rehearing overruled March 4, 1936.
(90 S. W., 2d Series, 241.)

*McBride, O'Donnell & Hamilton,* and *J. L. Lipscomb,* all of Dallas, for plaintiff in error.

The trial court having fully and fairly submitted the question of whether the plaintiff in error was guilty of contributory negligence in using the staircase, the judgment in her favor should not be voided because of the refusal to submit an additional evidentiary and speculative issue inquiring as to her conduct in using the stairs instead of the elevator. Elder Dempster & Co. v. Weld-Neville Cotton Co., 231 S. W., 103; First Natl. Bank v. Rush, 246 S. W., 349; Morten Investment Co. v. Trevey, 8 S. W. (2d) 527.

*Leake, Henry, Wozencraft & Frank,* and *Harold H. Young,* all of Dallas, for defendant in error.

The failure of the court to submit special issues requested by defendant as to whether plaintiff was guilty of contributory negligence in using the stairway under all the facts and circumstances and in the manner in which she descended the stairway was reversible error. Ten Broeck v. Wells Fargo, 47 Fed., 690; Fox v. Dallas Hotel Co., 111 Texas, 461, 240 S. W., 517; United States Torpedo Co. v. Liner, 300 S. W., 641.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Since the only question presented to this Court for decision is one of procedure a full statement of the case is not required. Miss Lucille Jordon instituted this suit against Morten Investment Company, owner and operator of the Jefferson Hotel in Dallas, for damages suffered by her as the result of a fall at night on an unlighted stairway leading from the thirteenth floor down to the twelfth floor of the hotel. Miss Jordon was a guest of the hotel and was returning to her room after attending a session of a play-production school being conducted on the thirteenth floor.

In answer to special issues the jury found that the defendant in error was guilty of negligence in failing to have the stairway lighted. It exonerated the plaintiff in error of contributory negligence by its answer to the only issue submitted touching that defense. Her damages were assessed at $4100.00 and on the fact findings of the jury judgment was rendered in her favor for that amount. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause thereto, Associate Justice Looney dissenting on rehearing. The case is stated fully in the majority opinion of that court, for which see Morten Investment Company v. Jordon, 57 S. W. (2d) 887.

Miss Jordon alone filed an application for writ of error and it contains but one assignment of error, which is that the Court of Civil Appeals erred in sustaining the assignment presented in that court by defendant in error complaining of the trial court's refusal to submit to the jury its specially requested issue No. 1. Reversal was ordered in the Court of Civil Appeals upon this one assignment. We have not before us for consideration the question to which much of the opinion of the Court of Civil Appeals is devoted, that is, whether plaintiff in error was guilty of contributory negligence as a matter of law.

The assignment of error sustained by the Court of Civil Appeals reads as follows:

"The Court erred in refusing to give in his charge to the

jury Special Issue No. 1 requested by defendant, which requested special issue was as follows:

"'First: Did the plaintiff fail to exercise the care of a reasonably prudent person in using the circular staircase, instead of the elevator, to go from the thirteenth floor to the twelfth floor of the Jefferson Hotel under the circumstances and conditions as they existed at the staircase just prior to and at the time of the plaintiff's alleged injury?'"

In the Court's main charge to the jury the issue of the plaintiff's contributory negligence was submitted in this manner:

"Do you find from a preponderance of the evidence that plaintiff, at the time and on the occasion in question, failed to exercise ordinary care for her own safety in using the stairway in its unlighted condition?" To which the jury answered "No."

■ We are in agreement with the conclusion expressed in the dissenting opinion, that there is no substantial difference between the issue given and the one tendered, and that the answer to the former comprehends the material facts involved in the latter; but, since our decision does not rest alone upon this conclusion, we shall not further discuss it.

Another reason why the trial court did not err in the particular assigned is that the tendered issue was improperly framed, in that it did not place the burden of proof upon the defendant in the trial court. The burden of proof to establish the contributory negligence of the plaintiff rests upon the defendant. Houston & T. C. R. R. Co. v. Harris, 103 Texas, 422, 128 S. W., 897; Gulf C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152, 30 S. W., 902, 28 L. R. A. 538.

The tendered issue began: "Did the plaintiff fail to exercise the care" etc. It does not at all place the burden of proof upon the defendant. The case presented is not one in which the Court has failed to submit any charge at all upon a defensive issue raised by the pleadings and evidence. The Court actually submitted the defense, and, even if the issue submitted were subject to the criticism that it was general in its terms and did not particularly point out all of the elements embodied in the specially requested issue, nevertheless, it was, in the main, a correct issue. On the question thus presented the rule has been many times clearly stated.

In the case of Wichita Falls, etc. Ry. Co. v. Combs, (Com. App.) 268 S. W., 447, the rule is stated in this language:

"The court in the extract above set out having given a

correct general charge on the issues intended to be covered in the special charge, if the defendant desired to have those issues affirmatively and more specifically submitted it was incumbent on it to submit a correct charge, and the submitting of an incorrect charge was not sufficient to require the court to submit a correct one."

In Freeman v. Galveston etc. Ry. Co. (Com. App.), 285 S. W., 607, the rule is stated as follows:

"Where the court has actually submitted the defense, though in general terms, it is not error to refuse a requested issue which is incorrect. The defendant must, at his peril, present a properly drawn issue for submission. If the requested issue is defective, it should be refused, and no error could, of course, be predicated upon such refusal. Gulf, etc. Ry. Co. v. Shieder, 88 Tex., 152, 30 S. W., 902, 28 L. R. A. 538; Stiles v. Hawkins (Tex. Com. App.), 207 S. W., 89; Wichita Falls, etc. Ry. Co. v. Combs (Tex. Com. App.), 268 S. W., 447."

For each of the reasons above assigned it is our conclusion that the trial court did not err in refusing the tendered issue.

Having determined that the Court of Civil Appeals erred in reversing the judgment of the trial court on the error assigned, it is our duty to examine the brief filed by the defendant in error as appellant in the Court of Civil Appeals to determine whether we would be justified in affirming the judgment of that court under any other assignment contained therein. Cox, Inc. v. Humble Oil & Refining Co. (Com. App.), 16 S. W. (2d) 285.

The only other assignment briefed by the defendant in error in the Court of Civil Appeals, the sustaining of which would result in the affirmance of the judgment of that court, is one complaining of the refusal of the trial court to submit to the jury another special issue on the question of the contributory negligence of the plaintiff. The reasons assigned above apply with equal force to this assignment and lead to the same conclusion, that is, that the trial court did not err in refusing to submit it. This tendered issue had the same vice as the other one.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court February 5, 1936.
Rehearing overruled March 4, 1936.