## MOORE et al. v. RICE.

### No. 1712.

Court of Civil Appeals of Texas. Eastland.

Nov. 5, 1937.

Rehearing Denied Dec. 3, 1937.

Geo. E. Smith, of Comanche, for appellants.

Oscar Callaway, of Comanche, and John L. Poulter, of Fort Worth, for appellee.

GRISSOM, Justice.

This case was before this court on a former appeal. See Moore v. Rice, 80 S.W.2d 451.

The case is a suit by Rice against Moore, administrator of the estate of T. M. Jones, deceased, and Jones's heirs, on a contract alleged to have been entered into about 1918 between Jones and Rice, whereby Jones agreed with Rice, who was then a boy about seven years of age, that if Rice would continue to live with and care for Jones, etc., until Jones's death that Jones would in his will devise all of his property to Rice. Jones died in 1932 intestate. About five months after Jones's death, Rice instituted the present suit, the original pleadings thereof being discussed on the former appeal. As amended, the petition asserts in three alternative counts (1) a suit for specific performance of the alleged contract; (2) damages for the breach thereof, the measure of damages being alleged to be the value of the Jones estate; and (3) a suit for recovery of the value of services rendered.

The case was submitted to the jury upon the following special issues, which were answered as shown:

"1. Did the plaintiff, Jesse Rice and T. M. Jones, on or about February 5, 1918, enter into an agreement whereby T. M. Jones agreed to will or devise to said Rice all his property at his death if he would continue to remain with him and continue the relationship then existing between them, the said Jones and Rice, and care for and aid him during the remaining years of his life? Answer: Yes.

"2. Did Jesse Rice keep and perform his agreement, if any, to remain with said Jones and continue the relationship theretofore existing and care for and aid him during the remaining years of his life, from February 5, 1918 to July 23, 1932, the date of the death of said Jones? Answer: Yes.

"3. What was the reasonable market value of all the property, both real and personal, owned and possessed by said T.

M. Jones at the time of his death? Answer: $8,000.00.

"4. What was the reasonable value, if any, of the services rendered by Jesse Rice to the said T. M. Jones, if any, from February 5, 1918 to July 23, 1932, the date of the death of the said Jones?

"In arriving at your answer to the foregoing question you may take into consideration the situation and relationship of said parties during the years, from February 5, 1918 to July 23, 1932, *and you may also take into consideration any payments, advancements, and the value of any services rendered by said Jones to said Rice,* if any, and answer in Dollars and Cents, as you may determine from all the facts and circumstances in evidence. Answer: $3,500.00." (Italics ours.)

Judgment was rendered for Rice for $8,000. It is evident that the judgment was rendered upon the theory that Rice was entitled under the verdict to judgment under the second count for damages for breach of the contract to devise, and that the measure of damages for such breach was the value of the estate which Rice would have received had Jones devised and bequeathed all his property to Rice. The trial court evidently concluded that, the contract being oral, it could not be specifically enforced, the statute of frauds (Vernon's Ann.Civ.St. art. 3995) being interposed as a defense, but that damages for its breach could be recovered, and that the measure of such damages was the value of the estate.

It has been held that a contract based upon valuable consideration that one person will leave his property by will to another is enforceable where "no statute is contravened." Jordan v. Abney, 97 Tex. 296, 78 S.W. 486, 489. But a parol contract to devise realty is plainly condemned by the statute of frauds, unless the contract is relieved from operation of the statute (1) by payment of the consideration, (2) possession by the vendee, and (3) making of valuable and permanent improvements by the vendee, or without such improvements, when such facts are shown "as would make the transaction a fraud upon the purchaser if it were not enforced. *Payment of the consideration, though it be a payment in full, is not sufficient.*" Hooks v. Bridgewater, 111 Tex. 122, 127, 229 S.W. 1114, 1116, 15 A.L.R. 216 (Italics ours.) All of the named elements must exist to render the contract enforceable as against the interposition of the statute of fauds as a defense. Here the only element existing is payment of consideration.

The contract alleged not being enforceable unless the three elements that permit its enforcement regardless of the statute exist, and such elements not existing in this case, it is clear that the first count in the petition, being for specific performance of such contract, cannot be maintained, the statute being asserted as a defense. Stevens v. Lee, 70 Tex. 279, 8 S.W. 40; Hooks v. Bridgewater, supra.

The contract alleged being unenforceable when the statute of frauds is interposed as a defense thereto, the plaintiff cannot recover damages for the breach thereof. "An action for damages for the breach of a contract is, in effect, an action for its enforcement, and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach." Alworth v. Ellison (Tex.Civ.App.) 27 S.W.2d 639, 640 (error refused); 20 Tex.Jur. 303–306; 27 C.J. § 399, p. 314. We therefore conclude that, although the first and second counts of the petition may be good as against a general demurrer, the petition having alleged written memorandum of the contract, said counts are not sustained by the evidence, only parol evidence having been introduced relative thereto and such evidence being objected to by defendant as violative of the statute of frauds. We understand the true rule to be, as applied to the facts disclosed by the record, that plaintiff may recover, if at all, only upon a suit for the reasonable value of services rendered to deceased, and that he cannot recover upon the contract alleged whereby Jones agreed, in consideration of Rice's services, to devise and bequeath to Rice whatever property he might possess at the time of his death, the statute of frauds being interposed as a defense. The cause of action asserted by the third count is not a suit based upon such contract, but said contract we think, may be proved to show (1) that the services of Rice were not intended to be gratuitously rendered, and (2) to show that the cause of action asserted under the third count, which is a suit for the reasonable value of the services rendered by Rice to Jones, is not barred by limitation. It is evident that we hold that a cause of action not subject to general demurrer is substantially alleged

by the third count in the petition and that in such suit for the reasonable value of the services rendered the measure of damages ordinarily cannot be and in this case the "measure of damages" is not the value of the estate, but the value of plaintiff's services without reference to the value of the estate. Sprague v. Haines, 68 Tex. 215, 4 S.W. 371; Ray v. Young, 13 Tex. 550; Raycraft v. Johnston, 41 Tex.Civ. App. 466, 93 S.W. 237, 238; Stevens v. Lee, supra.

In connection with our conclusion that under the present state of the record appellee cannot recover under counts 1 and 2 of his petition, we deem it advisable in connection with the third count, wherein appellee sues for recovery of the value of services rendered, to call attention to the italicized portion of the instruction with reference to issue No. 4. When special issue No. 4, said italicized portion of the instruction, and the jury's answer thereto are considered together, as they must be, it cannot definitely be ascertained whether the jury found that appellee's services were worth $3,500, or whether they found that amount was the balance owing to appellee for his services after deducting "payments" and "advancements" by Jones to Rice and the "value of services rendered by Jones to Rice." As a finding with reference to the third count of the petition, it is in the nature of a general verdict. This is said specially with reference to appellee's contention that, if the judgment for $8,000 should not be sustained, this court should render judgment for appellee for $3,500.

Appellant assigns as error the introduction of the inventory and appraisement. Under some circumstances, the inventory and appraisement of an estate are admissible in evidence. Devine v. U. S. Mortg. Co. (Tex.Civ.App.) 48 S.W. 585; McCown v. Terrell (Tex.Civ.App.) 40 S. W. 54; Clapp v. Engledow, 72 Tex. 252, 10 S.W. 462; Johnson v. Morris, 45 Tex. 463. But, under the third count of the appellee's petition, being the only count finding support in admissible testimony, we think, since it is a suit for the value of the services rendered and not a suit for the enforcement of the contract either by recovery of the property, or its value as damages for its breach, it is evident that the inventory and appraisement is inadmissible. The question is what is the reasonable value of the services rendered, and this has no necessary connection with the value of the decedent's estate. If the inventory and appraisement were admissible under either the first or second counts, they were not under the third. No judgment can be rendered under either the first or second count, and the introduction of such evidence was calculated to cause a jury to place a larger valuation on plaintiff's services (under the third count) than they otherwise might have done. Gray v. Cheatham (Tex.Civ.App.) 52 S.W.2d 762, 764.

Appellants by their fourth assignment of error contend that appellee's cause of action was barred by the two-year statute of limitation pleaded by appellant. Jones's death occurred July 28, 1932, and Moore was appointed administrator August 5, 1932. Appellants say plaintiff's original petition was filed December 17, 1932; that his first amended original petition was filed April 21, 1932. His third amended original petition was filed April 15, 1936, and upon this petition appellee went to trial. Only plaintiff's original and third amended petitions appear in the record. Appellants' contention is "that since the First and Second Petitions, as shown upon their face, stated no cause of action, for the reason that the pleadings in both petitions show to have been contradictory and in effect nullified each other, the statute was not suspended by the filing of either petition."

We think the filing of plaintiff's original petition was the commencement of a suit and stopped the running of limitation, even though the petition was subject to a general demurrer. An amended petition was, by permission of the court, filed which did state a cause of action. The cause of action did not accrue until Jones's death. Article 5539b, Vernon's Ann.Civ.St., provides in part as follows: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence." Koenig v. Marti (Tex.Civ.App.) 103 S.W.

2d 1023, 1026; 28 Tex.Jur. 190, 207, 217, 219.

The assignment is overruled.

 Appellants' fifth and sixth assignments of error complain of the refusal of the court to submit to the jury defendant's requested special issues Nos. 7 and 8. We think reversible error with reference thereto is not shown. Apparently in one instrument the court was requested to submit four special issues. We understand the law with reference to the submission of special issues requires that the party who presents specially requested issues to the court must present complete and correct issues in such form that the judge may sign and submit, or reject same, as written. We do not hold that, if a group of issues, correct and complete in themselves, which it was the court's duty to submit, were presented in proper form, that the court might refuse them merely because they were grouped and not separately submitted. We do not think the refusal to submit this group of issues constitutes reversible error. They were not so written as to place the burden of proof, nor do we think all of them should have been given. Jordan v. Morten Inv. Co., 127 Tex. 37, 90 S.W.2d 241; Desdemona Gasoline Co. v. Garrett (Tex.Civ.App.) 90 S.W. 2d 636, 641; Speer, Law of Special Issues in Texas, § 251, pp. 370, 371; Sessums v. Citizens' Nat. Bank (Tex.Civ.App.) 72 S. W.2d 403; Clemmons v. McDowell (Tex. Civ.App.) 5 S.W.2d 224; St. Louis & S. W. Ry. Co. v. Hill Bros. (Tex.Civ.App.) 80 S.W.2d 432.

 Appellants' tenth assignment of error presents the contention that appellee is precluded from any recovery by virtue of a judgment of the probate court. We understand the relevant facts to be that Rice and others filed a petition in said court alleging they were "heirs of the estate of T. J. Jones" and interested therein; that Jones married appellee's grandmother; that while so married his grandmother sold her property and received therefor $1,550 in cash; that this money was "received by said community" estate in 1917; that the grandmother died intestate; that Rice et al. were her only heirs; that neither Jones nor his administrator had made a "settlement or accounting" with them. They prayed for partition and distribution.

The court entered its order reciting that on November 7, 1932, the account of the administrator "for final settlement and distribution" was considered; that the administrator and certain persons, not including appellee, appeared; that the court heard evidence relative to the matters set out in the administrator's account and the administrator submitted vouchers for items of disbursement. It then recited that, at the request of A. D. Allen, the court deferred "further consideration of said account" until December 2, 1932; that on said last-named date the administrator made proof of certain disbursements; that appellee and others appeared and by written pleadings "prayed for a partition of said estate, and by their petition claiming an interest therein, but making no objection to said final account, and, the court being satisfied * * * that said account is correct, * * *" the order then recited that the administrator was entitled to certain commissions and his lawyer to certain attorney's fees, and they were ordered paid. The remaining assets of the estate were set out. The order then recited that it appeared there were no other claims against the estate other than the pending claim of Rice et al.; then followed recitals that certain persons, not including Rice, were owners and entitled as heirs of deceased to certain portions of his estate, "subject only to the outcome of the claim" of Rice et al. The order recited that, all parties having in open court consented that partition of all "cash" be had, $1,000, all livestock and feed, were ordered distributed to certain persons, not including Rice. It was then found that said account was correct and it ordered that "said notice and account * * * be entered of record."

The order concluded that the Liberty bonds, notes, and lands of the estate be held by the administrator subject to the further orders of the court.

Article 3529 in part provides: "No claim for money against his testator or intestate shall be allowed by an executor or administrator, nor shall any suit be instituted against him on any such claim after an order for partition and distribution has been made."

We do not think the partial distribution ordered by the court had the effect of precluding appellee's suit. Nor do we think the presentation by appellee of said particular claim, apparently for payment of a claimed inheritance from his grandmother, puzzling as it may be, had, as a

matter of law, the effect of precluding the present suit. We do not see how appellants were injured by such action, nor do we believe that they have by undisputed proof brought themselves within the rule announced in 21 C.J. § 224, p. 1220.

▉ Dr. Gray testified to what constituted reasonable compensation for certain enumerated services to a sick man. The evidence fails to show that Rice rendered some of the mentioned services. The testimony to that extent was improper. Capitol Hotel Co. v. Rittenberry (Tex. Civ.App.) 41 S.W.2d 697; Prather v. McClelland, 76 Tex. 574, 13 S.W. 543, 548.

▉ Appellants contend the petition is subject to a general demurrer because it is not alleged that appellee's claim was presented to the administrator for his allowance and to the probate court for its approval. On the former appeal this court held that such a claim was not required to be so presented. Application for writ of error was dismissed by the Supreme Court. Our reasons for so holding are set out in the former opinion, and need not be repeated here. Moore v. Rice, supra. Our former decision of this question is the law of the case. 3 Tex.Jur. 1338.

The judgment of the district court is reversed and the cause remanded.

### On Rehearing.

If a contract be unenforceable, as against a plea that it violates the statute of frauds and can neither be specifically enforced, nor enforced by an award of damages, as appellee seems to concede, it is difficult for us to see how the values of the property could be the measure of damages to be awarded in an action to recover the value of the services. Suppose the reasonable value of the services was one amount, and the value of the property was a different amount, how could effect be given to the value of the property without thereby giving some effect to the unenforceable contract? If in an action to recover damages for breach of the contract the measure of damages is the value of the property recoverable if the contract be not rendered unenforceable by the defendant setting up the statute of frauds, then it seems to us the value of the property as the measure of damages results from the contract. If the contract be unenforceable and the plaintiff must rely on his right to recover the value of

his services and the reasonable value of the services be different from the value of the property, as it well may be, it seems to us the value of the property cannot be held, as a matter of law, to be the reasonable value of the services, except by giving some effect to the unenforceable contract. The authorities relied on, if sound, seem to be restricted in application to contracts to devise specific property which is different from the agreement in this case, and would not, we think, be controlling for that reason.