## NOXON v. COCKBURN et al.

### No. 11117.

Court of Civil Appeals of Texas. Galveston.

Jan. 16, 1941.

Rehearing Denied Feb. 20, 1941.

Chester H. Johnson and A. D. Dyess, both of Houston, for appellant.

J. L. Webb, of Houston, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the District Court of Harris County sustaining a general demurrer and a special exception urged by appellees, H. C. Cockburn and Cockburn Oil Corporation, against an action brought by E. G. Noxon, appellant, for specific performance of an alleged parol contract for the purchase of certain oil, gas and mineral leases claimed to have been owned by him and for damages alleged to have been caused by the breach of said contract.

Appellant alleged that appellees orally agreed to purchase said leases for the sum of $100,000, appellant to retain a 1/24 overriding royalty therein; that appellees took possession of said properties and caused an oil well to be drilled thereon under the terms of said contract, but that, when said well was abandoned as a dry hole, they had refused to comply with the terms of their said contract of purchase or to pay the balance of the purchase price due thereon. Appellant admitted in his pleading that the contract between himself and appellees for the purchase and sale of said properties was "never reduced to writing and signed by both plaintiff and defendants or either of said defendants", but, in anticipation of appellees' plea of the statute of frauds, he alleged the payment of $1,500 on the purchase price for said properties, the delivery of possession, and the use thereof by appellees, including the erection of a derrick, the installation of drilling machinery, and the digging of a slush pit thereon and that, by reason thereof, the value of said properties had been totally destroyed. He alleged that by reason of these facts appellees were estopped from claiming the benefits of the statute of frauds.

Appellees answered by general demurrer and special exceptions, setting up the statute of frauds.

Upon a hearing upon the questions of law presented thereon, the court sustained appellees' general demurrer and their special exception No. 13, wherein they excepted to appellant's petition on the ground that it appeared from the face thereof that appellant's cause of action was based upon a parol agreement for the transfer of land and interest in land and that it disclosed that said contract was in parol and was within the statute of frauds. Appellant having declined to amend, his cause of action was dismissed by the court.

874

The controlling question presented in this appeal is whether, under the facts alleged by appellant, appellees are estopped from claiming the benefits of the statute of frauds.

The parts of said Article 3995, Revised Statutes of 1925, known as the statute of frauds, read:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed oy the party to be charged therewith or by some person by. him thereunto lawfully authorized. * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

Article 1288, Revised Statutes of 1925, reads: "No estate of inheritance or freehold, or for a term of more than one year, in lands and tenements, shall be conveyed from one to another, unless the conveyance be declared by an instrument in writing, subscribed and delivered by the party disposing of the same, or by his agent thereunto authorized by writing."

Our courts have held by an unbroken line of authorities that to relieve a parol sale of land from the operation of the statute of frauds, three elements are necessary: (1) The. payment of the consideration, whether it be in money or services; (2) the possession of the property by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor, or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser thereof if it were not enforced. Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; American National Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161.

It is further held that the payment of the consideration in itself, though it be a payment in full, is not sufficient; nor is possession of the premises, or the making of valuable improvements thereon sufficient; each of these three elements is indispensable and they must all exist. To hold otherwise would, in effect, annul the act. Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505.

It is also held that where the action is brought upon a verbal and executory contract of sale, by the vendor, as in the instant case, a tender to the purchaser of a deed to the property in question, which is not accepted by him, cannot be held to be a payment of the consideration, but that it is merely a tender of performance of the contract. Clegg v. Brannan, 111 Tex. 367, 234 S.W. 1076; Lechenger v. Merchants' National Bank, Tex.Civ.App., 96 S.W. 638.

It is the established law in this state that the statute of frauds applies to oil and gas leases, and that: "Since an oil and gas lease is effective as the sale of the minerals in place—the sale of the realty—it, of course, follows that the instrument must be in writing. The same rule applies to a contract for a lease, as well as to the assignment of the rights and estate under a lease." Guerra v. Chancellor, Tex.Civ.App., 103 S.W.2d 775, 778.

Further, it is the established rule that an action for damages for the breach of a contract is, in effect, an action for its enforcement and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach. Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505; Alworth v. Ellison, Tex.Civ.App., 27 S.W. 2d 639; Moore v. Rice, Tex.Civ.App., 110 S.W.2d 973; 20 Tex.Jur. 303–306; 27 C. J. page 314.

In the instant case, under the facts alleged, appellant suffered a possible loss in that he might have been able to dispose of said leases prior to the time appellees abandoned said oil well. However, as stated in the case of Robertson v. Melton, supra, the possibility of loss is present in every case of the breach of a parol contract for the sale of real estate. The statute prohibits the bringing of any action upon a contract for the sale of real estate unless some memorandum thereof be in writing and signed, and it cannot be disregarded for the prevention of mere wrongs or to remedy possible wrongs.

In the case of Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216, our Supreme Court, speaking through Chief Justice Phillips, in discussing the elements which must be shown to exist in order to justify a court of equity in relieving a parol contract for the sale of land from. the operation of the statute of frauds, says: "Equity has no concern

in such cases except to prevent the perpetration of a fraud. That is the only ground that can justify its interference. * * * 'The statute was made for the purpose of preventing fraud and perjuries, and nothing can be more manifest to any person who has been in the habit of practicing in the courts of equity than that the relaxation of the statute has been the ground of much perjury and much fraud. If the statute had been rigorously observed, the result would probably have been that few instances of parol agreements would have occurred. Agreements would, from the necessity of the case, have been reduced to writing; whereas it is manifest that the decisions on the subject have opened a new door to fraud, and that under the pretense of part execution, if possession is had in any way whatever, means are frequently found to put a court of equity in such a situation that, without departing from its rule, it feels obliged to break through the statute.' * * * it is clear that to warrant equity's 'breaking through the statute' to enforce such a parol contract, the case must be such that the nonenforcement of the contract—or the enforcement of the statute—would, itself, plainly amount to a fraud. This is the basis, and the only basis, for the jurisdiction which courts of equity have assumed in their creation of exceptions to the statute. * * * There is no fraud in refusing to enforce the contract where only the consideration is paid. * * * Nor where only possession of the premises is given. In such case there is no performance by the purchaser of any obligation. Nor even where there is both payment of the consideration and possession; without valuable and permanent improvements made on the faith of contract, or their equivalent. Merely the transfer of the possession by the vendor could create no estoppel against him. * * * to permit a person who can show no other act done beyond the transfer of the possession of the soil from the owner to himself, to enforce an oral agreement for the sale of the fee, would practically repeal the statute of frauds and let in all the mischiefs it was intended to guard against. But where there is payment of the consideration, the surrender of possession and the making of valuable and permanent improvements on the faith of the purchase with the owner's knowledge or consent, there is created an estoppel against him and it may fairly be said that a fraud upon the purchaser would result if the owner were permitted to repudiate the contract."

Appellant bases his plea that appellees were estopped from claiming the benefits of the statute on the alleged facts that he had turned over the use and possession of said properties to appellees; that they had announced through the daily press and through maps on which ownership of lands were shown, that they had purchased said properties; and that appellees had entered into a drilling contract with one George Echols in which they had asserted ownership thereof. Appellant's pleadings, however, disclose that each of the acts above referred to, with the exception of the allegation that appellees had caused map owners to show that the properties in question belonged to appellees, was done with the knowledge and with the apparent consent of appellant.

In 21 C.J. 1113, in discussing an estoppel of this character, it is said that,

"This estoppel arises where one, by his acts, intentionally or through culpable neglect induces another to believe certain facts to exist, and such other rightfully relies and acts on said belief.

"There are many fundamentals of the law which are applicable to and explanatory of this doctrine of equitable estoppel. No one can maintain an action for a wrong where he has consented to the wrong. He who does not forbid what he can forbid seems to assent."

Our Supreme Court, in the case of Bynum v. Preston, 69 Tex. 287, 6 S.W. 428, 5 Am.St.Rep. 49, in passing on the question of estoppel by fraud, says: "To constitute an estoppel there must have been: (1) A false representation or concealment of material facts. (2) The representation must have been made with the knowledge of the facts. (3) The party to whom it was made must have been ignorant of the truth of the matter. (4) It must have been made with the intention that the other party should act upon it, and (5) The other party must have been induced to act on it."

A careful analysis of appellant's pleadings fails to disclose a sufficient showing of the elements held necessary to sustain his contention that appellees, by their acts, are estopped from claiming the benefits of the statute of frauds and, therefore, under above authorities, the first count in his petition, that of specific performance, cannot be maintained, and since

the statute has been asserted as a defense to appellant's cause of action, and the alleged contract being unenforceable when the statute of frauds is interposed as a defense thereto, appellant cannot recover damages for the breach thereof.

It follows from these conclusions that the action of the trial court in sustaining the general demurrer and special exception No. 13 urged by appellees to appellant's trial petition must be sustained; accordingly, the judgment of the trial court is in all things affirmed.

Affirmed.