**MOZINGO v. COLLINS.**

No. 14518.

United States Court of Appeals
Fifth Circuit.

Dec. 9, 1953.

398

Fowler Roberts, Carter, Gallagher, Roberts, Jones & Magee, Dallas, Tex., for appellant.

Joseph M. Shelton, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for breach of a contract to buy for $3000 a one-fourth interest in a drilling venture consisting of oil, gas, and mineral leases on 1000 acres of land in Falls County, Texas.

The prayer was for recovery of $3000 as actual damages plus $6000 exemplary damages, or, in the alternative, (1) $4139.84 as the value of services rendered or (2) $3000 actual damages for breach of contract.

The claim was: that plaintiff had authority to sell and had offered to sell, and defendant had agreed to buy, the interest for $3000; that, reasonably relying on defendant's promise that he would buy, plaintiff ceased further efforts to sell the interest, and obtained a contractor to drill the test well; but that defendant at the time he promised to buy the interest had falsely intended not to do so, unless commercial production was discovered, and thus his promise was fraudulently made; that the drilling proved the property unproductive and the one-fourth interest valueless; and that because of his fraudulent conduct and his breach of promise, defendant was liable to him for the amounts, recovery of which was sought.

The defenses were: (1) an exception of no cause of action; (2) a denial of the claims and charges made; and (3) the affirmative defense of the statute of frauds.

Although defendant, in his answer, demanded a trial by jury, the cause was tried to the court, and defendant did not below, and does not here, object, so that his jury demand was waived.

The evidence [1] consisted almost entirely of the testimony of plaintiff: that he

1. The proof, by appellee's own testimony, showed that appellee had offered to sell to appellant an undivided one-fourth interest in certain oil and gas leases covering approximately 1000 acres of land in Falls County, Texas, for the sum of $3000. Appellee testified that such offer was by way of a telephone conversation with appellant in which appellant agreed to send him $3000, and in turn appellee had agreed to convey to appellant an undivided one-fourth interest in such oil and gas leases.

Appellee further testified that he confirmed the telephone conversation by letter dated March 15, 1951, setting out the details of his alleged parol agreement with appellant, that he had left nothing out of the letter; that he put the whole contract as he understood it in the letter, and that the letter correctly set forth the terms of his agreement. The letter itself, introduced as defendants' Exhibit No. 1, is shown in the record. The very first sentence of that letter reads as follows:

"This letter will serve as my agreement with you to convey to you or at your direction a one-fourth undivided interest in and to two blocks of leases hereinafter described."

The letter then continues with the following statement:

"We own two blocks of lease adjoining, both consisting of 500 acres each, one being in the J. H. Harvey and the James W. Harvey Surveys and the other being in the W. Lawrence Survey of Falls County, Texas. Leases on the blocks are in escrow

had made the oral agreement sued on, in a telephone conversation with defendant and had later followed this up by writing defendant a letter confirming his understanding of it; that plaintiff had acted on the agreement employing a driller and causing the drilling to be done; and that he had paid out $3789.73 for and in connection with the drilling of the well. At its conclusion the court, rejecting both, the plaintiff's theory that defendant owed him $3000 plus damages, and that of the defendant that the Statute of Frauds defeated recovery, determined the suit on a theory of his own. This in effect was: that plaintiff and defendant had entered into a joint venture in and by which each was to be liable for half of its cost; and that plaintiff should, therefore, have judgment for one-half of the moneys expended, $1894.80 with interest.

Plaintiff did not appeal, but defendant appealing from the judgment is here insisting: that the statute of frauds was a complete defense to plaintiff's suit; and that the court erred in entering judgment against him.

We think it plain: that there is no basis in the record for the judgment the trial court entered; that defendant is right in his position that the Statute of Frauds is a complete defense; and that the judgment must be reversed and here rendered for the defendant.

The Statute of Frauds of the State of Texas, Art. 3995 of the Revised Civil Statutes of 1925, Vernon's Ann.Civ.St., in its pertinent part reads as follows:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

\* \* \* \* \*

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year".

The evidence in this record is uncontradicted that the appellant did not sign any letter or any other instrument or memorandum in writing. The letter itself, and the evidence introduced by appellee is positive and emphatic that the only agreement which appellee alleged or attempted to allege or to prove was an oral agreement to convey to appellant an interest in oil and gas leases in the State of Texas. It is the established law that the Statute of Frauds applies to oil and gas leases.

In the case of Guerra v. Chancellor, Tex.Civ.App., 103 S.W.2d 775, at page 778 the Court says:

"Since an oil and gas lease is effective as the sale of the minerals in place—the sale of realty—it, of course, follows that the instrument must be in writing. The same rule applies to a contract for a lease, as well as to the assignment of the rights and estate under a lease."

See also Noxon v. Cockburn Tex.Civ. App., 147 S.W.2d 872, 874, to the same effect. In that case the Court had before it a parol contract alleged by plaintiff vendor for the sale of certain oil and gas leases. The defendant refused to pay the consideration and suit was brought by plaintiff for specific performance of the alleged oral contract and for damages alleged to have been caused by the breach of the contract. In holding that the statute of frauds barred an action on the contract the Court said:

"In consideration of your participating in this drilling deal to the extent of $3000, we will convey to you a one-fourth undivided interest in and to both blocks."

That letter was signed by the appellee, but neither that nor any other letter or writing of any description was ever signed by the appellant.

---

and we are to withdraw them from the bank as soon as we commence drilling operations on any tract in either block. As soon as they are placed of record we will convey to you your interest."

Thereafter, and after a lengthy discussion as to what appellee intends to do, the letter continues:

"Further, it is the established rule that an action for damages for the breach of a contract is, in effect, an action for its enforcement and the statute, in denying an action for its enforcement, likewise denies an action for damages for its breach. Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505; Alworth v. Ellison, Tex.Civ.App., 27 S.W.2d 639; Moore v. Rice, Tex.Civ. App., 110 S.W.2d 973; 20 Tex.Jur. 303–306; 27 C.J., p. 314.

"In the instant case, under the facts alleged, appellant suffered a possible loss in that he might have been able to dispose of said leases prior to the time appellees abandoned said oil well. However, as stated in the case of Robertson v. Melton, supra, the possibility of loss is present in every case of the breach of a parol contract for the sale of real estate. The statute prohibits the bringing of any action upon a contract for the sale of real estate unless some memorandum thereof be in writing and signed, and it cannot be disregarded for the prevention of mere wrongs or to remedy possible wrongs."

In Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 628, 118 A.L.R. 1505, the Supreme Court of Texas, in holding that the Statute of Frauds prohibits the bringing of any action upon a contract for the sale of real estate unless the promise or agreement upon which the action is brought is in writing and signed by the party to be charged therewith, declares:

"In many of the cases above cited the plaintiff sought specific performance. The statute of frauds prohibits the bringing of any action upon a contract for the sale of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, be in writing and signed, etc. An action for damages for the breach of such contract is an action upon the contract. It is, in effect, an action for the enforcement of the contract. 'The statute, in denying an action for its enforcement, likewise denies an action for damages for its breach.' Alworth v. Ellison, Tex.Civ.App., 27 S.W.2d 639, 640, Application for writ of error refused; American National Insurance Company v. Warnock [131 Tex. 457] 114 S.W.2d 1161; Moore v. Rice, Tex.Civ.App., 110 S.W.2d 973; 20 Tex.Jur. p. 303, § 94; 25 R.C.L. p. 691, § 332."

and further:

"A wrong was done Melton by Robertson's breach of the contract. This occurs whenever a contract coming under the statute is breached. Melton suffered a possible loss, in that he might have been able to sell his land during the two months in which he was relying upon Robertson to consummate the contract as modified. Such possibility of loss is present in every case of breach of a parol contract for the sale of real estate. The statute cannot be disregarded for the prevention of mere wrongs or to remedy possible losses. Hooks v. Bridgewater, 111 Tex. 122, 127, 128, 229 S.W. 1114, 15 A.L.R. 216."

Under the uncontradicted evidence in this case the only contract alleged, proved or attempted to be proved was a contract on the part of the appellee to convey to appellant an undivided one-fourth interest in certain oil and gas leases described only as lying and being situated in certain surveys in Falls County, Texas. Neither "the promise or agreement" upon which the action was brought nor any memorandum thereof was signed by appellant, the party sought to be charged therewith or by any person by him thereunto lawfully authorized as required by the Statute of Frauds. The court, therefore, erred, in holding that an action thereon was not barred by the Statute of Frauds, and in rendering judgment in favor of appellee for any sum.

Reversed and rendered.

RIVES, Circuit Judge (dissenting).

The learned District Court found that the defendant agreed to send plaintiff $3,000.00 to be used in drilling an oil well, a wildcat operation which might or might not produce, that relying upon that promise, the plaintiff made a contract with a driller to drill the well and incurred a total expense of $3,789.73. The plaintiff had bound himself in writing to convey to the defendant a one-fourth interest in the property. The defendant received and retained the plaintiff's binding obligation, and doubtless if the well had produced oil the deal would have gone through. When it resulted in a dry hole, the defendant sought refuge in the statute of frauds.

The complaint alleged in the alternative that certain services, acts and performances were procured and paid for by the plaintiff for the defendant at the defendant's instance and request of the reasonable value of $4,139.84, and alternatively sought to recover said sum. The District Court held that the drilling of the well was "for the use and benefit of both the plaintiff and the defendant", and gave judgment for one-half of the actual cost of such drilling.

The plaintiff testified that he told the defendant that he would have to drill a well in order to perfect his one-half interest in the property, and that he would proceed with the drilling upon his faith in defendant's promise to send the $3,-000.00. He further testified that he was not in position to incur such expenses alone and that he would not have done so if he had not been led to believe that the defendant would pay the $3,-000.00. The plaintiff has incurred expenses for the defendant, at the defendant's request, and from which, if successful, the defendant would have profited. There was no evidence to the contrary.

It seems to me that the statute of frauds would not be violated if the defendant were required to pay his part of such expenses. The alternative claim on which the District Court rendered judgment is not on the contract, but in *quantum meruit*, 58 Am.Jur., Work and Labor, Sec. 35, citing Kearns v. Andree, 107 Conn. 181, 139 A. 695, 59 A.L.R. 599. Chevalier v. Lane's, Inc., Tex.Civ.App., 208 S.W.2d 113, 115, affirmed 147 Tex. 106, 213 S.W.2d 530, 535, 6 A.L.R.2d 1045; 49 Am.Jur., Statute of Frauds, Secs. 560, 568–572; compare Texas Co. v. Burkett, 117 Tex. 16, 296 S.W. 273, 279, 280, 54 A.L.R. 1397. I, therefore, respectfully dissent.