R. R. ROBERTSON v. H. W. MELTON.

No. 7008. Decided April 20, 1938.
(115 S. W., 2d Series, 624.)

*Kilgore & Rogers,* of Wichita Falls, for plaintiff in error.

The case having been plead and tried upon the theory that if plaintiff could have obtained a rearrangement of the second lien notes conformable to the condition of the original contract but failed to do so in reliance upon defendant's verbal acceptance of the new proposal whereby a different arrangement was made, defendant waived and is estopped to assert the statute of frauds defense,, the decision herein now being upon an entirely different theory. Walker v. Hamilton, 42 S. W. (2d) 148; Boatner v. Providence-Washington Ins. Co. 241 S. W. 136; Orms v. Ratcliffe, 117 Texas 242, 1 S. W. (2d) 1084.

*Bonner, King. & Dawson,* of Wichita Falls, and *Underwood & Strickland,* of Amarillo, for defendant in error.

Defendant not having plead the statute of frauds, objected to the introduction of the contract in evidence, nor alleged any error in his motion for new trial, his complaints come too late and do not present fundamental error. 20 Tex. Jur. 352; 14

Tex. Jur. 1026; State Mortg. Corp. v. Gross, 12 S. W. (2d) 260; Brown v. McKee, 16 S. W. 435.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals affirmed a judgment of the district court in favor of defendant in error Melton against plaintiff in error Robertson for damages on account of breach by Robertson of an agreement for the exchange of real estate. 86 S. W. (2d) 473. Robertson pleaded the statute of frauds.

The parties executed a written contract on August 20, 1931, by which Melton agreed to convey to Robertson 1735 acres of land in Deaf Smith County and Robertson agreed to convey to Melton eight improved lots in the City of Wichita Falls. The land in Deaf Smith County was subject to a first lien securing a debt of $17,350.00 due July 1, 1938, with accrued interest thereon amounting to $1619.34, and subject to a second lien securing three notes for $969.38 each payable to Dr. C. L. Edgar, three notes for $659.98 each payable to J. E. Persons, three notes for $659.98 each payable to J. F. Persons, and one note for $1725.00 payable to C. B. Redman, due July 15, 1934, there being accrued interest on the same amounting to $861.36; and subject to a lien securing taxes for the year 1930 in the amount of $275.00. The contract stipulated that Robertson should take the land subject to the said liens and contained the further paragraph:

"Consummation of this contract shall depend upon the rearrangement of the payment of the above notes held by Dr. C. L. Edgar, J. E. Persons and J. F. Persons, whereby said notes may be paid in annual installments of $1000.00 each, together with interest at 6% per annum, said arrangement to be made not later than August 23, 1931."

There appeared in the contract the usual provisions for the furnishing and examining of abstracts, the curing of objections made to titles and the proration of taxes for the current year. The contract expressly provided that no change or addition in it should be made except in writing signed by both parties and their agents.

On the day after the execution of the contract Melton procured from Dr. Edgar and J. E. and J. F. Persons a written statement signed by them in the form of a letter addressed to Robertson, in which they agreed that in consideration of Robertson's agreement to pay accrued interest on the first mortgage,

to pay all taxes for the year 1930 and to pay accrued interest on the notes held by them, they would agree to renew and extend the payment of their said notes so that they would become due in five installments of $1000.00 each on September 1, 1932, 1933, 1934, 1935 and 1936, respectively, and one installment in the sum of $1866.64 on September 1, 1937, and that upon the payment by Robertson of said sums required to be paid by him they would accept an extension agreement executed by Melton. Approval of this letter by Melton was evidenced by his signing it under the letters "O. K." Robertson did not sign the letter or otherwise agree to it in writing.

In anticipation of Robertson's plea of the statute of frauds, Melton alleged in his petition that the arrangement made for the extension of the notes as evidenced by the letter signed by Dr. Edgar and the two Persons constituted a substantial compliance with the terms of the original contract, and further that if it was not such substantial compliance it was agreed to and accepted by Robertson personally and by his agents; that such acceptance of the arrangement by Robertson waived compliance with the terms of the original contract; and that Robertson was estopped by his agreement to the arrangement to claim that it was not made in compliance with the law, in that Melton was caused thereby to believe for many weeks that the contract would be consummated and because Dr. Edgar and the two Persons would have divided the final note so as to make another annual payment of $1,000.00 and a final payment of $866.64, had Robertson not agreed to the method of payment as set out in the letter.

Melton alleged compliance on his part by procuring the agreement for extension of the notes as evidenced by the letter, by furnishing a complete abstract of title to the Deaf Smith County land, and by executing and tendering a deed conveying the land to Robertson subject to the said liens. He alleged further that while Robertson led him to believe until October 28, 1931, that he would perform the contract by executing and delivering a deed conveying the Wichita Falls property, he definitely on or about said date refused to perform the contract and still refuses to perform it.

The jury in answer to special issues found: that Robertson prior to August 23, 1931 agreed to the terms of the letter of extension; that Melton could have obtained an extension within the exact terms of the original agreement; and that Melton's failure to obtain an arrangement for extension of the notes in accordance with the terms of the original contract was caused by Robertson's agreement to the terms of the letter.

The extension of the notes as proposed by the letter signed by Edgar and the two Persons was not a compliance with the terms of the original contract but was the proposal of an agreement changing that contract materiallly. The contract provided that the time for the maturity of the notes should be changed so that they might be paid $1000.00 each year, whereas according to the plan set out in the letter a payment of $1866.64 would be required on the sixth year. Robertson did not bind himself in the original contract to pay or to assume the payment of any part of the principal or interest secured by liens on the land. The letter made payment by him of accrued interest on the first lien note, of accrued interest on the notes held by Dr. Edgar and the two Persons and of the 1930 taxes a condition to the extension of the notes. Robertson's oral agreement to the plan for extension of the notes as set out in the letter constituted an oral modification of the terms of the original contract.

1  It is our opinion that such oral modification of the contract is prohibited by the statute of frauds (Art. 3995, Revised Civil Statutes of 1925). The rule is that parties to a written contract coming within the provisions of the statute of frauds may not by mere oral agreement alter one or more of the terms thereof and thus make a new contract resting partly in writing and partly in parol, the reason for the rule being that, when such alteration is made, part of the contract has to be proven by parol evidence, and the contract is thus exposed to all the evils which the statute was intended to remedy. 27 C. J. pp. 327-328, Sec. 416; 25 R. C. L. p. 708, Sec. 352; Kistler v. Latham, (Com. App.) 255 S. W. 983, 985; Adams v. Hughes, 140 S. W. 1163 (application for writ of error refused); Ickert v. Minor, 22 S. W. (2d) 741; Fleming v. Todd, 42 S. W. (2d) 123.

There are authorities suggesting qualification of the foregoing rule to the extent that a contract may be modified by parol in respect to some term which might have been omitted or which might have rested originally in parol, and defendant in error invokes such qualification of the rule, taking the position that the modification made by oral agreement related to the consideration for the conveyance to Robertson and that it was not necessary for the consideration to have been stated in the original contract. A similar contention was made in Kistler v. Latham, supra, but the question whether the rule should be so qualified was not decided, because the consideration in that case, the giving of a deed of trust upon two tracts of land, came itself within the statute of frauds and was required to be evidenced by a contract or memorandum in writing. It was held that

inasmuch as the consideration was of such nature that it was required to be evidenced by a contract or memorandum in writing, and was in fact set out in writing, it could not be modified by subsequent parol agreement. The same is true in the instant case. If we assume that the provision in the original contract, to the effect that the notes secured by lien against the land should be rearranged so that they might be paid in annual installments of $1000.00 each over a period of several years, is to be treated as the consideration, or part thereof, it is such consideration as comes within the statute of frauds. The requirement for rearrangement of the notes clearly contemplated, to make it regular and fully effective, the execution of a written instrument extending the notes and lien in compliance with Articles 5520 to 5523 of the Revised Civil Statutes of 1925. Such consideration cannot be modified by subsequent parol agreement. Kistler v. Latham, (Com. App.) 255 S. W. 983, 985; Schofield v. Pyron, 257 S. W. 350 (application for writ of error refused) ; Epstein v. D. & A. Oppenheimer, 94 S. W. (2d) 779; Home Investment Co. v. Fidelity Petroleum Co., 249 S. W. 1109 (application for writ of error refused).

2   The agreement in the original contract as to the extension of the notes is, however, something more than the mere statement of a consideration. It is expressly provided that "Consummation of this contract shall depend upon the rearrangement of the payment of the above notes" in the manner stated. In the last paragraph of the contract it is stipulated that "No change or addition in this contract shall be made except in writing signed by both parties." To permit the oral modification is forbidden both by the statute of frauds and by the express agreement of the parties.

3, 4   We do not find either in the pleadings or in the evidence any grounds for sustaining the contention of defendant in error that plaintiff in error is estopped from claiming the benefit of the statute of frauds. The facts alleged as estopping Robertson are that he agreed to the modification made by the letter, led Melton to believe for many weeks that the contract would be consummated, and finally refused to execute a deed conveying the Wichita Falls property; and that Melton could have procured the rearrangement of the notes according to the original contract if Robertson had not agreed to the modification. These allegations are in substance that the defendant is estopped to plead the statute because the plaintiff relied upon the defendant's oral agreement to the modification. To permit a parol contract thus to be relieved from the operation of the statute

of frauds would in effect annul the statute. Looking both to the pleadings and to the evidence, we find that the case, in so far as the granting of relief from the statute of frauds is concerned, falls far short of the rule announced in Hooks v. Bridgewater, 111 Texas 122, 229 S. W. 1114, 15 A. L. R. 216, which has many times been approved and followed. Paschall v. Anderson, 127 Texas 25, 91 S. W. (2d) 1050; Upson v. Fitzgerald, 129 Texas 211, 103 S. W. (2d) 147; Francis v. Thomas, 129 Texas 579, 106 S. W. (2d) 257; W. T. Carter & Bro. v. Wells, 130 Texas 189, 106 S. W. (2d) 1050, 1054; Id. 78 S. W. (2d) 678; American National Insurance Company v. Warnock, 131 Texas 457, 114 S. W. (2d) 1161, 2 Texas Sup. Ct. Rep. 583. The strict rule there announced is:

"From an early time it has been the rule of this Court, steadily adhered to, that to relieve a parol sale of land from the operation of the Statute of Frauds, three things were necessary: (1) Payment of the consideration, whether it be in money or services. (2) Possession by the vendee. And (3) The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Texas 551. Nor is possession of the premises by the vendee. Ann Berta Lodge v. Leverton, 42 Texas 18. *Each of these three elements is indispensable, and they must all exist.*" (Our italics.)

In this case there has been no payment of consideration by Melton. The execution and tendering of the deed to Robertson, not accepted by him, was not payment but a tendering of performance. Clegg v. Brannan, 111 Texas 367, 373, 234 S. W. 1076. No possession of land has been taken and no improvements have been made.

A wrong was done Melton by Robertson's breach of the contract. This occurs whenever a contract coming under the statute is breached. Melton suffered a possible loss, in that he might have been able to sell his land during the two months in which he was relying upon Robertson to consummate the contract as modified. Such possibility of loss is present in every case of breach of a parol contract for the sale of real estate. The statute cannot be disregarded for the prevention of mere wrongs or to remedy possible losses. Hooks v. Bridgewater, 111 Texas 122, 127-128, 229 S. W. 1114.

It does not appear from Melton's testimony or from other evidence that he even suffered any loss, other than the loss of his bargain with Robertson, directly from Robertson's failure to perform the agreement. Believing that Robertson would perform, he waited upon him from the latter part of August, 1931, to the latter part of October, 1931, when Robertson finally declined to perform. The holders of the notes filed suit for foreclosure of their lien on Melton's land in December, 1931, and Melton lost the property in the foreclosure sale in January, 1932. During the fall of 1931 conditions were bad in the wheat area of Deaf Smith County and no land was selling. When asked by his counsel whether he had any offers for his land during the time he was waiting on Robertson, Melton testified that he had a statement from a real estate man saying that he could get him something for it. The case has been fully developed and there is nothing in the record suggesting that on another trial proof could be made, under proper pleadings, that would bring the case within the rule which permits the enforcement of parol contracts for the sale of land.

5   In many of the cases above cited the plaintiff sought specific performance. The statute of frauds prohibits the bringing of *any action* upon a contract for the sale of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, be in writing and signed, etc. An action for damages for the breach of such contract is an action upon the contract. It is, in effect, an action for the enforcement of the contract. "The statute, in denying an action for its enforcement, likewise denies an action for damages for its breach." Alworth v. Ellison, 27 S. W. (2d) 639, 640 (application for writ of error refused) ; American National Insurance Co. v. Warnock, 131 Texas 457, 114, S. W. (2d) 1161, 2 Texas Sup. Ct. Rep. 583 ; Moore v. Rice, 110 S. W. (2d) 973 ; 20 Tex. Jur. p. 303, Sec. 94 ; 25 R. C. L. p. 691, Sec. 332.

It is our opinion that the trial court should have instructed a verdict for plaintiff in error. Accordingly, the judgments of the district court and the Court of Civil Appeals are reversed and judgment is rendered for plaintiff in error.

Opinion adopted by the Supreme Court April 20, 1938.