**BUSBY et al. v. MICHAEL.**

No. 3980.

Court of Civil Appeals of Texas. El Paso.
Sept. 26, 1940.

Rehearing Denied March 27, 1941.

John P. Giles, D. A. McAskill, Dave Watson, T. M. West, and Morriss & Morriss, all of San Antonio, for appellants.

Swearingen & Miller and Johnson & Rogers, all of San Antonio, for appellee.

WALTHALL, Justice.

This suit was filed in the 45th District Court of Bexar County by Lorena H. Busby, hereinafter called Lorena Busby, joined in the suit by her husband, O. M. Busby, against Arthur M. Michael. The purpose of the suit was to recover some 692 acres of land fully described in the petition, and which land plaintiff Lorena Busby, while a party to the suit, alleges was held by defendant L. M. Michael for her benefit.

Lorena Busby died, the other plaintiffs were joined, and the suit was carried on in her name. The suit of the plaintiff was to recover the title and possession of the land, to ascertain an adjudication and adjustment of the indebtedness of their mother with L. M. Michael. Lorena Busby died November 20, 1936, and left surviving her the present plaintiffs. O. M. Busby thereafter conveyed his interest, inherited from his wife, Lorena Busby, in the land, and filed his disclaimer. The suit is based on a written contract of date September 16, 1916, between the said Lorena H. Busby and her husband, O. M. Busby, on the one part, and L. M. Michael, the father of appellee, on the other. In the suit plaintiffs sought a decree in the nature of specific performance of said contract.

To the plaintiffs' fifth amended original petition the defendant answered by general demurrer and special exceptions, which the court overruled, a general denial, plea of not guilty, and specially pleaded that defendant owned the land in controversy, pleaded the five and ten years statutes of limitation and the statute of frauds, and in the alternative pleaded that if he was not the owner of the land, he was the owner of certain specified debts secured by a lien against the land, and prayed for judgment for his debts; that his debts be secured by a lien against the land, and that his lien be foreclosed.

As disclosed by the said contract of September 16, 1916, the title to the property involved at the time of the execution of the contract was vested in one H. E. McKeen, and the circumstances and situation of the parties are set forth with particular-

ity in said contract. The contract is attached to and made a part of the petition.

While the contract is lengthy, we state it here:

"The State of Texas
"County of Bexar.

"This contract and agreement made and entered into in quintuplicate, each being an original, by and between Oscar M. Busby and Lorena Busby, his wife, parties of the first part, of the County of Frio and State of Texas, and Louis M. Michael, of the County of Bexar and State of Texas, party of the second part, Witnesseth:

"1st. Whereas, said Oscar M. Busby being indebted with others jointly and severally to said Louis M. Michael, in a large sum of money, evidenced by a certain personal judgment against said Oscar M. Busby, George F. Wideman, and Joseph Greer, originally in the amount of Eleven Thousand, Two Hundred and Twenty-seven Dollars and Fifteen cents, with 8% interest until paid, rendered in the District Court of the 45th Judicial District, Bexar County, Texas, on the 28th day of June, 1915, in cause numbered on the docket of said Court, B-9351, and also against Mrs. Lucy A. Hinkle for the same amount, as her interest may be in certain lands described in said suit, which have been sold and the proceeds of sale have been applied to and credited on said judgment, leaving now due and unpaid on said judgment about the amount of Seven Thousand Dollars.

"2nd. And whereas, on or about the —— day of August, 1915, the said Louis M. Michael, caused an abstract of judgment to be recorded in the abstract of judgment records of Frio County, Texas, under the statute in such cases made and provided; whereby said part of said judgment unpaid amounting to about Seven Thousand Dollars, became a lien on any and all lands of said O. M. Busby, not exempt from execution in the said County of Frio, and was a judgment lien on the lands hereinafter described.

"3rd. And, whereas, on or about the 8th day of November, 1915, one H. E. McKeen, filed his original petition, and on the 6th day of January, 1916, filed his first supplemental petition in the District Court of Frio County, Texas, cause No. 1453, styled H. E. McKeen vs. O. M. Busby et al, among defendants being said Louis M. Michael, the said suit being nominally in trespass to try title and for damages, claiming in said petitions that said H. E. McKeen was the owner in fee simple of the lands hereinafter set out and described, as 651 acres; in fact there being 691 acres within the metes and bounds hereinafter set out; and that the title asserted in said petitions of said H. E. McKeen was paramount and superior to the judgment lien of said Louis M. Michael; when in truth and in fact said suit of said McKeen was a deceitful, fraudulent and covinous action, by and between said H. E. McKeen and said Oscar M. Busby for the purpose of suing for and obtaining a judgment for a fictitious, false and fraudulent amount of money, and to hinder, delay and defraud the bona fide creditors of him, said Oscar M. Busby, one of whom specially is as above described, said Louis M. Michael.

"4th. And whereas, thereafter, on the 10th day of March, 1916, the said H. E. McKeen did conspire with and induce said Oscar M. Busby to enter into a writing signed by both, a false, fraudulent, covinous and unlawful agreement and contract, whereby the said H. E. McKeen purposed and intended to falsely and fraudulently obtain a false, untrue and fraudulent judgment in said cause No. 1453 on the docket of said district court of Frio County, Texas, and to hinder, delay and defraud the bona fide creditors of said Oscar M. Busby, of whom said Louis M. Michael is the largest in amount, and which fraudulent agreement is in the following words and figures, to-wit:

" 'State of Texas,
" 'County of Frio

" 'Whereas, there is now pending in the District Court of Frio County, Texas, a cause entitled H. E. McKeen vs. O. M. Busby et al, No. 1453 on the docket of said court, which suit is an action by the said McKeen to obtain the title and possession of 651 acres of land in Frio County, Texas, being a part of Sur. No. 321, in the name of Alexander Lynch, the said H. E. McKeen being entitled to the title and possession of said land by virtue of the trustee's deed thereto obtained by virtue of the foreclosure of a mortgage upon said land theretofore given to the said McKeen and to B. H. Kelly, Trustee, to secure the payment of a note for $2100.00 theretofore executed by O. M. Busby in favor of the said H. E. McKeen; the said O. M. Busby is further indebted to the said H. E. McKeen on account of the said H. E. McKeen

being the owner and holder of a certain judgment purchased by him and transferred to him by one J. C. Hybarger and taken against O. M. Busby and J. C. Hybarger in a suit filed by the Hillyer-Deutsch-Jarratt Co., and is also indebted for interest, costs and other sums of money aggregating in all the sum of $5300.00. In addition to the said sum of $5300.00 it is contemplated by the parties hereafter signing this instrument that the said H. E. McKeen will take up and pay off to the order thereof one certain promissory note for the sum of $3000.00, due August 1, 1916, and executed by O. M. Busby in favor of E. E. Yates in part payment for the 651 acres of land above mentioned, which said note is a first lien upon the said land.

" 'For and in consideration of a settlement and adjustment of all litigation and adjustment of all differences and indebtedness existing between them the above named H. E. McKeen of Bexar County, Texas, and O. M. Busby of Frio County, Texas, have entered into the following agreement and contract, to-wit:

" 'The said O. M. Busby agreed that the said H. E. McKeen, plaintiff in the suit above mentioned shall have immediate judgment of the District Court vesting the title and possession of the said 651 acres of land in him the said H. E. McKeen, the said McKeen adjusting the costs of suit, the amount thereof being included in the sums of money hereinabove mentioned, as well as plaintiff's attorney's fee and costs: that the said McKeen shall at once enter into full possession of said land without let or hindrance on the part of him, the said Busby. Also the said Busby agrees and confesses that the said H. E. McKeen is the owner and holder of the fee simple title to Lot No. 7 and the North one-half of Lot No. 8 out of Block No. 6 of the Town of Pearsall, Frio County, Texas, and that the said Busby has no interest or claim therein except such as is provided for under the terms of this contract.

" 'The said H. E. McKeen, the considerations named in this contract, him moving, agrees that should the said O. M. Busby within ninety days from the date of this contract secure and pay to him, the said H. E. McKeen, the sum of $8300.00 in cash, that he will upon receipt of such payment, make, execute and deliver to the said Busby, or to such person or persons, selected by the said Busby for that purpose, a deed to all the lands and lots in this in-strument heretofore described, said deed to be one of special warranty; or that if the said Busby shall find person or persons, who are willing to loan to him sufficient money upon the said land to pay the said McKeen such sum of $8300.00, then for such person at the proper time when the loan is negotiated and ready to be made the said McKeen will make proper deed to a third person for the purpose of permitting the said loan to be made and the said sum of $8300.00 so realized shall be paid to said H. E. McKeen. It is understood that in either event the said McKeen out of the said sum of $8300.00 shall take up and pay off and obtain a release of the $3000.00 note due Mrs. E. E. Yates hereinabove mentioned.

" 'In the event that during the above mentioned ninety days the said Busby fails to raise the said sum of $8300, then the said H. E. McKeen, at the expiration of the said ninety days, agrees to execute and deliver to the said O. M. Busby a deed to the Pearsall property, being Lot No. 7 and N. one-half of Lot No. 8 out of Block No. 6 above mentioned, and to receive from the said Busby therefor a note secured by vendor's lien retained in said deed for the sum of $1300 due one year after date with interest from date at the rate of eight per cent per annum.

" 'It is fully understood and agreed that after the expiration of the ninety days herein mentioned that the said O. M. Busby shall have no further right to redeem the 651 acres of land herein mentioned, nor have any interest therein, except that from said time until the 1st day of January, 1917, the said McKeen agrees that the said Busby may find, if possible, a purchaser for said land, who will pay therefor in cash at least $7000.00 and the balance in and on such terms as may be agreed upon, and that out of the consideration paid for said land over and above the sum of $7000.00 and the actual cost of improvements placed upon said land by McKeen between this date and January 1st, 1917, or whatever date the sale is consummated (it being contemplated that the said land will sell for considerably more than *$700.00*) the said Busby shall have one-half and the said McKeen the other and remaining one-half but that out of said Busby's one-half of said profits, he shall pay McKeen the amount due on the $1300.00 vendor's lien note herein mentioned; it is fully understood that the said McKeen may sell the

place himself or assist the said Busby in finding a buyer, but in either event divisions will be stated.

" 'It is fully understood and agreed between the parties hereto that should the said Busby fail to raise the money necessary to redeem the property herein mentioned within ninety days from this date, then, the deed to the town property having been executed as herein contemplated and the note for $1300.00 to H. E. McKeen having been delivered, the said Busby shall have no further interest in, right or title of any kind or character except sales right herein given in and to the 651 acres of land, nor shall the said McKeen after accepting and receiving the said $1300.00 vendor's lien note from the said Busby have claim or demand against him for the sum of $7000.00, that being the amount herein named and representing the amount of indebtedness from which the land is taken and to be hereinafter held, and after the 1st day of January, 1917, should the land not have been sold and the said sum of $7000.00 thereby paid to the said McKeen, the said sum of $7000.00 shall be deemed fully cancelled and the said McKeen shall have no further claim on Busby therefor, neither shall the said Busby have any claim upon the 651 acres of land.

" 'In witness whereof, we, the said H. E. McKeen ———— have hereto subscribed our names to this original and a duplicate thereof this 10th day of March, 1916.

" 'H. E. McKeen
" 'O. M. Busby.'
"(Acknowledgment here omitted)

"5th. And thereafter, and on the same day, March 10th, 1916, with said fraudulent agreement, and in pursuance thereof, the said H. E. McKeen, then and there unlawfully, fraudulently, covinously, and in contempt of said District Court of Frio County, did proceed to take such false and fraudulent judgment in said cause No. 1453, which judgment is in the following words and figures, to-wit:

" 'H. E. McKeen vs. O. M. Busby et al.
" 'No. 1453.

" 'March 10, 1916.

" 'On this day came on to be heard the above styled and numbered cause, and the plaintiff being present in person, and by attorney, announced ready for trial, and the defendants, O. M. Busby and L. M. Michael, having appeared and filed answers separately, and the defendants E. Deutsch, J. A. Nix, Wallace Rogers, and Clay Coker each having filed separate disclaimers herein, and the defendants M. T. Lyles, The Alamo Home Builders and Richey & Casey having failed to appear or answer, though it appearing that defendant M. T. Lyles was duly cited herein on the 31st day of January, 1916; that the Alamo Home Builders, a corporation was duly cited herein on the 8th day of January, 1916; and that Richey & Casey, a firm composed of R. A. Richey and L. A. Casey, was duly cited by service on R. A. Richey on the 8th day of January, 1916, each of whom has wholly made default.

" 'And all parties having waived a jury and all matters of law and of fact having been submitted to the Court, who after hearing the pleadings, the evidence and the argument is of the opinion the plaintiff is entitled to recover herein as prayed for.

" 'It is therefore considered, ordered, adjudged and decreed by the Court that the plaintiff, H. E. McKeen do have and recover the title and possession of and to the below described lands and premises from, and of each and all defendants as follows: From defendants O. M. Busby and L. M. Michael upon their answers; from defendants M. T. Lyles, Alamo Home Builders and Richey & Casey by default; from defendants J. A. Nix, Wallace Rogers, E. Deutsch and Clay Coker on their respective disclaimers.

" 'It is further ordered that defendant J. A. Nix and Wallace Rogers each go hence without day and recover their respective costs herein for which let execution issue.

" 'It is further ordered that defendant E. Deutsch and Clay Coker each be adjudged to pay his respective costs herein for which let execution issue.

" 'It is further ordered and decreed that plaintiff recover of and from defendants L. M. Michael, O. M. Busby, M. T. Lyles, Alamo Home Builders, a corporation, and Richey & Casey, a firm composed of R. A. Richey and L. A. Casey, and from each of them, all other costs herein incurred not otherwise adjudged and for which let execution issue. That the plaintiff have also his writ of possession vesting in him the title and possession of and to the following described lands: (Description here omitted)

" 'And it is further ordered, adjudged and decreed that any and all right, title, claim or interest heretofore or now existing in favor of said defendants and each

of them to said land is hereby cancelled and held for naught, and plaintiff's title thereto is in all things quieted.

" 'The State of Texas,
" 'County of Frio.

" 'I, Sam Johnson, Clerk of the District Court in and for Frio County, Texas, do hereby certify that the above and foregoing is a true and correct copy of the judgment in the above styled and numbered cause, as the same appears of record in Vol. 1, Pages 159 and 160, of the Minutes of the District Court, Frio County, Tex.

" 'Given under my hand and seal of office, this the 20th day of April, A. D. 1916.
" '(Seal) Sam Johnson,
" 'Dist. Clerk, Frio Co. Texas.'

"6th. And whereas, after said false and fraudulent judgment had been taken in said District Court of Frio County, and after its adjournment for its term, the said Oscar M. Busby did first disclose to said Louis M. Michael the said false, fraudulent and covinous conspiracy and agreement in writing signed by said H. E. McKeen and himself, whereby the valid, legal and subsisting judgment lien in favor of said Louis M. Michael, on the lands described in said McKeen judgment holding said judgment lien to be subordinate to said false and fraudulent claim and demand of said McKeen, was obtained, thus hindering, delaying and defrauding Louis M. Michael of his just and legally established debt of about seven thousand dollars with 8% interest per annum thereon.

"7th. And whereas, thereafter and on the 5th day of August, 1916, the said O. M. Busby did file his suit No. 1477 in the District Court of Frio County, Texas, against said H. E. McKeen to set aside and hold for naught said judgment, for the false, fraudulent and covinous practices entering into the same and clearly proved and established by said fraudulent and false contract and agreement of March 10, 1916, signed by said McKeen and said Busby.

"8th. And whereas, it has been made to appear to Louis M. Michael and to Leo Tarleton and Ryan & Matlock, his attorneys, that Mrs. Lorena Busby, wife of said Oscar M. Busby, is a bona fide and just creditor of her husband for a portion of the purchase price, her separate estate, of the land described in said McKeen judgment last set out; and in consideration of the premises,—

"Now, therefore, it is hereby agreed, understood and contracted by and between Oscar M. Busby and Mrs. Lorena Busby, parties of the first part, acting under the advice and consent of John T. Bivens, their attorney, and Louis M. Michael, party of the second part, acting under the advice and consent of Leo Tarleton and Ryan & Matlock, his attorneys, that said Mrs. Lorena Busby, joined by her husband to authorize, will appear and enter her appearance by intervention in said suit No. 1477 styled Oscar M. Busby v. H. E. McKeen, now pending in the District Court of Frio County, Texas, and assert her claim as creditor of her husband for the amount of indebtedness due her by reason of the proceeds of the gift from her father, that went into the purchase price of said lands last described when conveyed to her husband; and on the other part, it is understood, agreed and contracted, that Louis M. Michael shall also intervene in said suit No. 1477, styled O. M. Busby vs. H. E. McKeen, to set aside said false, fraudulent and covinous judgment obtained in said District Court on March 10, 1916, and to revive his judgment lien fixed as alleged on said land by said Louis M. Michael, which it is now admitted is about the amount yet due of seven thousand dollars; and that both said O. M. Busby and Lorena Busby will in every way they can facilitate the early trial of said cause, and will freely and frankly as witnesses, disclose and truthfully state the facts as they exist, and will do all they can to legally revive and restore the lien the said Louis M. Michael acquired on the said described tract of land by the abstracting and filing his abstract of judgment in the abstract of judgment record of Frio County, Texas.

"And it is further understood, agreed and contracted, and this is an essential part of this agreement entered into and made part of this contract, that all parties hereto will aid by all legal and proper means to carry this agreement into effect, that the Michael judgment lien as it existed on the abstract judgment record of Frio County, Texas, on and prior to the 10th day of March, 1916, shall be revived and foreclosed with all convenient legal speed, and an order of sale issued for the sale of said land described herein, and an execution of said judgment of said Louis M. Michael; and in the event of the revival of said judgment lien, issuance of order of sale and of sale there-

under that he, said Louis M. Michael, will accept the sum and amount of Twenty-five Hundred Dollars, with five hundred dollars attorney's fee to be paid Leo Tarleton, and Ryan & Matlock, attorneys for said Michael, on said intervention suit, and costs of suit, in all Three Thousand Dollars, and costs, in full settlement and compromise of said judgment lien or otherwise against said Oscar M. Busby in favor of said Michael; the said amount to be paid in cash, or at the option of Mrs. Lorena Busby, and Oscar M. Busby, or other assignee or holder of her interest in this contract and agreement, to be secured by first lien on said described land, or other real property satisfactory to the holders and each of them, of the Three Thousand Dollars to be paid as compromise of the Michael judgment against Oscar M. Busby; and in the event said compromise amount is not paid in cash but the same is deferred and secured as above provided, then said Three Thousand Dollars shall bear eight per cent interest per annum, and time of payment fixed at not more than two years from the date this offer of compromise takes effect for cash in the first instance.

"And for further and more explicit understanding, it is agreed and contracted, that should Louis M. Michael be the purchaser of said land upon which his lien rests by a credit on said judgment by his bid, for the full amount of his said judgment of about seven thousand dollars, more or less, he will, irrespective of how much credit on said judgment his purchase price of said land may be, he agrees, upon payment of said compromise amount of three thousand dollars to convey by special warranty deed, the land above described, should he get sheriff's deed to the same, to Mrs. Lorena Busby, or to any other person she may in writing designate as the vendee thereof.

"It is well understood that the said Louis M. Michael is agreeing to and binding himself to take less than one-half of the unpaid judgment now valid and subsisting in his favor against Oscar M. Busby and will release said Oscar M. Busby from any further payment on said judgment, when this compromise settlement is completed and carried into effect, and that time in which it is to be closed is important, and all parties pledge themselves to do all in their power legally and proper to be done to secure at as early date as possible the judgment of the matters in issue, the sale of said land and completion of this agreement; but should said judgment lien of said Louis M. Michael be not revived, or if revived, not foreclosed for any reason, or the said three thousand dollars, compromise amount of said judgment of said Louis M. Michael against said Oscar M. Busby, be not paid or secured as provided, then it is understood the consideration for this contract shall be held to have failed, and the proposition for compromise made herein by said Louis M. Michael will no longer exist.

"Wherefore, we Lorena Busby, joined by her husband, Oscar M. Busby, to authorize, parties of the first part, and Louis M. Michael, party of the second part, acting under the advice and consent of their counsel respectively, to-wit: John T. Bivens, Counsel for Lorena Busby and Oscar M. Busby, and Leo Tarleton and Ryan and Matlock, as Counsel for Louis M. Michael, do each sign this agreement in quintuplicate, each being an original, as if it was only one, this 16th day of September, A. D. 1916."

(Contract signed by both parties and their attorneys).

The performance of the several obligations on the part of Lorena and O. M. Busby referred to in the contract is alleged to have been by a series of parol agreements alleged in plaintiffs' fifth amended original petition, the effect of which, appellee claims, was to relieve Lorena Busby from all obligations thereof while still preserving her rights in said property.

Louis M. Michael died in 1920, leaving by will all of his property to his surviving wife, Olga Michael.

Olga Michael died in 1927 leaving by will her estate to her three sons, and on June 10, 1927, the other two brothers conveyed the property to Arthur M. Michael.

The court overruled all exceptions of both parties, to which exception was made by plaintiffs. The case was tried with a jury.

At the conclusion of the evidence the court instructed a verdict in favor of defendant Arthur M. Michael for the title and possession of the land in controversy and removing cloud from title, and instructed verdict against Arthur M. Michael and in favor of O. M. Busby on Michael's cross action for damages. The court further decreed that Arthur M. Michael recover from plaintiffs, Ethel Busby Gray, her husband, and the other plaintiffs, all

named, the land involved and fully described in the judgment.

## Opinion

The written contract of September 16, 1916, copied above, is the foundation of this suit, is made a part of appellants' petition, and appellants' assignments are considered in reference thereto.

Appellants present three assignments, but we think the first assignment is the only one we need to consider. It is lengthy, but we copy it in full: "The trial court erred in instructing the jury to return a verdict against the plaintiffs and in favor of the defendant, over the objection of the plaintiffs, because the evidence conclusively showed that Lorena Busby was the actual, equitable owner of the 692 acres of land sued for, as shown by a written contract executed by Lorena Busby et vir, and L. M. Michael. And that at the time of the execution of this written contract one H. E. McKeen had recovered a judgment foreclosing a supposed lien on this land against O. M. Busby et al (Lorena Busby not being a party to this suit), among which was L. M. Michael. That in said contract of September 16, 1916, and two supplemental oral agreements for a valid and sufficient consideration L. M. Michael agreed to purchase the prior vendor's lien note for Lorena Busby in order to save the land for Lorena Busby and agreed to intervene in the suit No. 1477, Busby v. McKeen, seeking to cancel the said McKeen judgment, and to foreclose the first lien as well as the other liens on said land, and to buy in the land at foreclosure sale and to hold the land for Lorena Busby and to deed the land to her by a special warranty deed upon the payment of $3,000.00 as set out in said written contracts and two supplemental oral agreements (which were fully performed by L. M. Michael), and Lorena Busby did thereafter tender to L. M. Michael the $3,000.00 as contracted for, and thereupon L. M. Michael persuaded Lorena Busby to permit him to carry this debt which was agreed to by both L. M. Michael and Lorena Busby, and that L. M. Michael never did deny or claim that he was not holding this land for Lorena Busby and that afterwards Lorena Busby tried to pay to Arthur M. Michael, the defendant in this suit, the amount due on her debt to L. M. Michael, and has tendered upon the trial of this case in cash, in open court the full amount of the debt, all interest, taxes and costs and still tenders the same to the defendant in satisfaction of Lorena Busby's debt, and she demands a deed to her land as provided in said contract; and the plaintiffs occupied the land in question until 1932, and all of these issues in this cause should have been submitted to the jury."

Because of the supplemental oral agreements, referred to in the assignment, and the modifications and changes of agreement upon which the suit is based made by the parol agreements and often referred to in appellants' fifth amended original petition, the trial court concluded, and so held, that the written agreement, by reason of the subsequent parol changes, was unenforceable by reason of the statute of frauds; that a contract required to be in writing may not be modified, changed or altered by subsequent oral agreement; that any such oral changes, by reason of the statute of frauds, destroys the agreement.

Now the suit is based upon the contract of September 16, 1916, and, as the assignment states, "two supplemental oral agreements." The record shows that the written contract was modified, changed and altered by the subsequent oral agreement. The petition in many places refers to the modifications and changes in the written contract made by the subsequent oral agreement. In instances changes were made by suits in the courts.

Article 3995 of the Revised Civil Statutes requires the contract here to be in writing, and any oral modification thereof is prohibited by the statute of frauds.

The law is clearly stated by Judge Smedley, for the Commission of Appeals, in Robertson v. Melton, 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505, and is to the effect that parties to a written contract coming within the provisions of the statute of frauds may not, by mere oral agreement, alter one or more of the terms thereof, and thus make a new contract resting partly in writing and partly in parol, and states the reason for the rule. Judge Smedley refers to many cases as sustaining his opinion.

In the opinion it is said, as in this case, that there are authorities suggesting qualification of the rule stated. Judge Smedley discusses the rule as to modifications, and as stated in Kistler v. Latham, Tex.Com. App., 255 S.W. 983, and held, as we understand it, that the matter sought to be

modified or altered by parol was required to be in writing, and in fact in the writing it could not be modified by subsequent parol agreement.

It seems to us that a similar condition is here as in the Robertson v. Melton case and in the Kistler v. Latham case.

Now while we think the evidence is such as shows that Lorena Busby's money bought the property and that the property was her separate estate, as contended by appellants, that is not the question before us.

For reasons stated we have concluded that the trial court was not in error in instructing the verdict and in rendering the judgment.

The case is affirmed.

## On Rehearing.

SUTTON, Justice.

As disclosed in the original opinion in this case, the court, at the conclusion of all the testimony, instructed a verdict for the defendant. The instruction of the verdict and the rendition of the judgment are based upon the court's construction of the written contract copied in full in the original opinion. He construed it to be a contract for the sale of lands, and therefore not subject to oral modifications. The correctness or otherwise of the court's construction of the contract and the instruction of the verdict is the sole question to be determined on this appeal.

This court in its original opinion affirmed the judgment. The consideration now is on the motion for rehearing.

We have concluded the trial court was in error, and likewise this Court in its original opinion.

 Of course, if a contract is ambiguous or difficult of construction the situation of the parties and their relation to the subject matter at the time the contract was made may always be looked to for the purpose of interpreting the contract. The evidence in this case, from both interested and disinterested sources, establishes the fact that Mrs. Busby furnished, out of the funds inherited by her from her father's estate, to the extent of $2,000, the cash payment made on the tract of land involved in this suit, and that it was not a loan out of her separate funds. How the balance of the purchase money in the sum of $3,000, for which a vendor's lien note

was executed, was paid may become a question of fact to be determined on the trial of the case. It may be presumed that Michael and his attorneys, at the time they entered into the contract of September 16, 1916, knew the facts as they were and as developed on the trial of this cause, and therefore knew that Mrs. Busby was the owner of a two-fifths interest in all events in the lands. All the parties knew at that time the record title had gotten into McKeen as a result of the fraud of himself and O. M. Busby. Mrs. Busby, on September 16, 1916, was interested in protecting her interest in the land. Michael held a deficiency judgment against O. M. Busby; had abstracted it in Frio County for the purpose of fixing a judgment lien against the land in the name of O. M. Busby. Michael likewise was interested in protecting any interest that he might acquire in the land by virtue of his abstract of judgment. To further their common interests Michael and Mrs. Busby, joined by her husband, therefore, entered into the contract of September 16, 1916. The heart and core of that contract is found in the second paragraph following the numbered paragraph "8th."

We think it plain that Louis M. Michael agreed to sell, and Mrs. Lorena Busby agreed to buy, the judgment Michael held against her husband, O. M. Busby, for the sum of $3,000 and costs. That agreement is found in this recitation in the paragraph referred to: " * * * and in the event of the revival of said judgment lien, issuance of order of sale and of sale thereunder, that he said Louis M. Michael, will accept the sum and amount of Twenty-five Hundred Dollars, with Five Hundred Dollars attorney's fee to be paid Leo Tarleton, and Ryan & Matlock, attorneys for said Michael, on said intervention suit, and costs of suit, in all Three Thousand Dollars and costs, in full settlement and compromise of said judgment lien or otherwise against said Oscar M. Busby in favor of said Michael; * * *."

This is the meat of their agreement, and there is no reference whatever made to the sale and purchase of any land, but it refers to a sale and purchase of the judgment and judgment lien against Oscar M. Busby. The contract continues with a provision that the amount to be paid may be in cash, or, at the option of the Busbys or other assignee or holder of her interest in this contract and agreement, deferred for two years and draw eight per cent interest,

thereby making it plain that she and they had in mind the procurement of one who had the money and could and would come to her rescue; the contract reciting further that the $3,000 is to be paid as compromise of the Michael judgment against Oscar M. Busby.

It is perfectly clear that the parties contemplated some one other than the Busbys or Michael might become the purchaser at the sheriff's sale of the land. Had that occurred, and some one bid any sum in excess of the $3,000 and costs, Mrs. Busby would have been entitled to the excess and owned the judgment against her husband. Had Mrs. Busby become the purchaser at the sheriff's sale and neither paid the money nor given the formal mortgage as provided for in the contract, equity would have regarded that done which ought to have been done, and construed the contract of September 16, 1916, to be a mortgage in favor of Michael to secure his debt. Hicks v. Morris, 57 Tex. 658, 662; Boehl v. Wadgymar, 54 Tex. 589; Taylor v. H. J. Huck & Co., 65 Tex. 238, 242; Texas W. Ry. Co. v. Gentry, 69 Tex. 625, 8 S.W. 98; Johnson v. Portwood, 89 Tex. 235, 248, 34 S.W. 596, 787; Parks v. O'Connor, 70 Tex. 377, 385, 8 S.W. 104; Dunman v. Coleman et al., 59 Tex. 199.

There can be no distinction made as to the situation of the parties. The relation of debtor and creditor remained the same. Michael's deed, therefore, was nothing more nor less than a mortgage. What happened afterwards is a matter of pleading and proof. Of course it was contemplated that Michael might become the purchaser at the sheriff's sale, and that he might therefore take the sheriff's deed to the property. This is emphasized in the paragraph following the one last referred to in this language: "* * * that should (meaning nothing more than 'if') Louis M. Michael be the purchaser of said land upon which his lien rests by a credit on said judgment by his bid, for the full amount of his said judgment of about seven thousand dollars, more or less, he will irrespective of how much credit on said judgment his purchase price of said land may be, he agrees, upon payment of said compromise amount of three thousand dollars to convey by special warranty deed, the land above described, * * *." This provision is merely emphasizing the fact that he recognized Mrs. Busby's superior interest in the land and was willing therefore to accept less than one-half the amount of his judgment, not for the land described in the contract and involved in this suit, but for his judgment against Oscar M. Busby. That was further emphasized in the next paragraph wherein the recitation is made that he is agreeing and binding himself to take less than one-half of his unpaid judgment, valid and subsisting in his favor against O. M. Busby, and that he will release Busby from any further payment on said judgment when the compromise settlement is completed.

The only provision to be found in the whole of the contract, where it relates to the agreement that could possibly suggest or lead anyone to in any wise think the contract was one for the sale of real estate, is the provision wherein he agreed to convey the land to Mrs. Busby by special warranty deed in the event he should become the purchaser at the sheriff's sale.

What was or could have been the reason to anticipate that Michael might revive his judgment lien and not foreclose it? As against McKeen, assuming the fraud, it was good and could be foreclosed; as against Mrs. Busby it could not.

From the standpoint of Michael and his attorneys, there were two apparent reasons why the Busbys should not and did not intervene in Cause No. 1477: (1) If the facts were permitted to develop as they did in this trial, and as we must presume they were known to be, the court would not have permitted the foreclosure as against Mrs. Busby's interest; (2) a common fight and joint effort might make the issues of fact difficult in the light of the previously admitted conspiracy and fraud of O. M. Busby. This latter situation confronted the Busbys and their attorney and probably was the reason why they remained out.

The testimony shows that Louis M. Michael was a moneylender in San Antonio. The undenied testimony is that O. M. Busby pledged a $9,000 vendor's lien note, the property of his wife, to Michael to secure a note for $7,000; that the proceeds of the $7,000 were, $100, for which the receipt (exhibit G) was given, a check for $5,900, and $1,000 retained by Michael as a commission for making the loan. The deficiency judgment for approximately $7,000, abstracted and mentioned in the agreement of September 16, 1916, was in the suit brought by Michael on this $9,000 note.

We have concluded, therefore, that the contract is not one for the sale of real estate, but was one for the sale and purchase of the judgment against Oscar M. Busby, and that the motion for rehearing should be granted, the former judgment of this court and that of the trial court reversed and the cause remanded for a new trial, and it is so ordered.