### YOUNG v. HOWZE et ux.
### No. 5932.

Court of Civil Appeals of Texas. Amarillo.

Dec. 20, 1948.

Homer L. Pharr, of Lubbock, for appellant.

Burton G. Hackney, of Brownfield, for appellees.

PITTS, Chief Justice.

Appellees, W. T. Howze and wife, Ethel Howze, sued appellant, R. C. Young, for damages in the sum of $750 based upon an alleged breach of an oral contract for the sale of real estate situated in Terry County, Texas.

Appellees have not filed a brief or availed themselves of presenting oral argument in this court. We therefore have only the advantages of appellant's brief, which we are privileged to accept as reflecting clearly the facts and the record in the case under the provisions of Rule No. 419, Texas Rules of Civil Procedure. However, there is little controversy about the facts as reflected by the pleadings and testimony of the parties to the suit.

By a deed dated October 13, 1933, Larissa Graves conveyed to the Texas State Highway Department a tract of land, being well defined by metes and bounds and being a part of lots numbers 2, 3, 4, 5 and 6 in block number 86 of the original town of Brownfield, Terry County, Texas. A part of the said land was thereafter used by the State of Texas for right-of-way in the construction of a State Highway. A small part of the said tract of land so purchased was not used for right-of-way purposes but remained in a triangular shape, adjacent to the highway on the east side thereof. Thereafter the remainder of the said lots that was not sold to the State was sold and conveyed to appellant. Appellant bought the same without an abstract of title but the deed of conveyance described and conveyed to him the said lots "less that part heretofore conveyed for highway purposes". Appellant thought his deed of conveyance included the small triangular tract east of the highway, but in fact the said deed conveyed only the remainder of the lots west of the highway and adjacent thereto. Both tracts were small but the tract east of the highway was only about one-half the size of the tract west of the highway. In December, 1945, appellant

and appellee, W. T. Howze, looked over the said land and appellant represented in good faith to the said appellee that he thought he owned the remaining parts of the said lots that was not covered by the highway, which would have included the small triangular tract east of the highway. Appellees agreed orally with appellant to buy the remaining parts of the said lots on both sides of the highway, which included the east tract in question, although appellant did not own and had never owned the east tract in question. It was agreed between the parties that the same would be sold by appellant to appellees for a consideration of $1,500, subject to the approval by appellees of an abstract of title covering the parts of the lots owned by appellant and located in the said block number 86. Appellant furnished an abstract of title to appellees whose attorneys examined the same and furnished an opinion to appellees. In their said opinion appellees' attorneys called attention to the deed conveying a part of the said lots in the said tract of land to the Texas State Highway Department on October 13, 1933. Under the subject of "Requirements" in the said opinion, appellees' counsel cautioned them as follows:

"It will be necessary for you to ascertain exactly what the State of Texas did not obtain by this deed. This is merely for your attention and you are to satisfy yourself on this point.

"You should be satisfied as to the boundaries to this land as they actually exist on the ground. If you are not then it may be advisable to have same surveyed, the corners established and the area determined."

However, thereafter on January 4, 1946, appellees accepted a warranty deed from appellant for the said tract of land described in the deed and paid to appellant the consideration of $1,500 therefor. The said deed conveyed to appellees the said lots located in the said block number 86 "less that part heretofore conveyed for highway purposes", which deed did not in fact convey by the description therein given or attempt to convey the small triangular tract of land east of the highway and adjacent thereto. A few months thereafter appellees contracted to sell the said land, including the small tract east of the said highway, but it was definitely discovered that appellees did not own the small triangular tract east of the highway but that such tract had been owned by the State of Texas since October 13, 1933. For that reason the proposed sale was not consummated. Thereafter appellees reported to appellant that neither of them had ever owned the said triangular tract of land east of the highway and they sought an adjustment with appellant about the matter. During their negotiations for a settlement of the matter, appellant offered to accept a return of the title to the property by a deed and to give appellees in return therefor the $1,500 consideration, but appellees were not in a position to accept the offer inasmuch as they had previously sold and conveyed title to the land west of the highway actually purchased by them from appellant for a consideration of $1,600.

Thereafter this suit was filed by appellees asking for damages by reason of the breach by appellant of an oral contract to sell to appellees the said triangular tract of land east of the highway and adjacent thereto. Appellant first filed a plea in abatement, alleging that appellees' alleged cause of action was contrary to the Statute of Frauds. The same was overruled by the trial court. Appellant then answered on the merits of the case subject to his exceptions restating the complaints previously made in his plea in abatement. Appellant's exceptions were overruled by the trial court and the case was tried before a jury. After the evidence was heard appellant moved for an instructed verdict on the grounds that appellees had failed to prove a cause of action but the same was overruled by the trial court.

Upon issues submitted to the jury, it found, in effect, that before appellant delivered the deed to appellees, he represented to appellees that he owned the triangular tract of land lying east of the highway; that appellees did not rely on the statements made by appellant to the effect that he owned the said triangular tract of land lying east of the highway; that appellees believed they were acquiring title to the said triangular tract of land when they accepted the deed from appellant; that the

triangular tract of land lying east of the highway was as valuable on January 6, 1946 as that part of the land lying west of the highway which was conveyed by the deed; that according to the agreement between the parties appellant agreed to sell and convey to appellees only his interest, right and title to the land actually owned by him; and that appellant agreed to convey the triangular strip east of the highway. Both parties moved for judgment upon the verdict of the jury. Appellees' motion for judgment was sustained by the trial court and judgment was rendered for appellees for damages in the sum of $750, from which judgment an appeal was perfected to this court after appellant's motion for a new trial had been overruled.

Appellant first complains that the alleged cause of action of appellees was a claim for damages based upon the breach of an oral contract for the sale of real estate and was therefore in violation of the Statute of Frauds and the trial court erred in its refusal to so hold.

■ Article 3995, Vernon's Annotated Civil Statutes, provides that no action shall be brought in any court upon any contract for the sale of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith. Appellees' pleadings and their testimony offered in support thereof admit that the contract between the parties for the sale of the small triangular tract of land east of the highway was an oral contract. The record reveals that no written contract was made and there was no memorandum made in writing in connection with the proposed sale of the tract of land east of the highway. It is admitted by all parties that the deed executed by appellant and delivered to appellees did not describe, include or attempt to describe and include the small triangular tract of land in question. But, on the contrary, the deed excluded the said triangular tract of land when it described the lots and parts of lots in question "less that part heretofore conveyed for highway purposes."

In applying the Statute of Frauds the Commission of Appeals said in the case of Robertson v. Melton, 131 Tex. 325, 115 S.

W.2d 624, 628, 118 A.L.R. 1505: "The statute of frauds prohibits the bringing of any action upon a contract for the sale of real estate unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, be in writing and signed, etc. An action for damages for the breach of such contract is an action upon the contract. It is, in effect, an action for the enforcement of the contract. 'The statute, in denying an action for its enforcement, likewise denies an action for damages for its breach.'"

Several authorities are cited in support of the rule. Under the record no exception to the rule is claimed and none is shown under the record. It is our opinion that the trial court erred in its refusal to sustain appellant's motion for a peremptory instruction and appellant's first point of error is therefore sustained.

■ It is our opinion that appellant's second point of error should also be sustained. In that point appellant contends that appellees were precluded from recovery because the jury found, in effect, in answer to special issue number 2 that, although appellant represented to appellees that he owned the triangular tract of land in question, appellees did not rely on such a representation made by appellant in connection with the transaction. Appellant contends the evidence supports the finding of the jury. Neither the finding or appellant's contention is challenged by appellees. Since appellees did not rely upon the representations made by appellant, they were not injured thereby and are not entitled to recover the damages claimed. Goodrich v. Pandem Oil Corporation, Tex.Com.App., 48 S.W.2d 606; Wilson v. Avery Co. of Texas, Tex.Civ.App., 182 S.W. 884; 20 Tex.Jur. 51, 52.

The record reveals other errors committed but they will not be here discussed in view of the disposition we are making of the case.

For the reasons stated, the judgment of the trial court is reversed and judgment is here rendered to the effect that appellees take nothing by reason of their alleged cause of action.

**Reversed and rendered.**